No. 1,960.

## WAHL *v.* SHOULDERS.

PLEADING.—*Complaint.—Contributory Negligence —Personal Injury.* —The complaint in an action for injuries caused by negligence, must show either by direct averment or by statement of the facts and circumstances under which the injury occurred, that the injured person was not guilty of contributory negligence.

SAME.—*Complaint.—Contributory Negligence.*—An allegation in a complaint alleging that plaintiff's wife was violently thrown from defendant's hack because of the negligence of defendant in managing the horses and vehicle, is insufficient to show that the injury occurred without contributory negligence on her part.

EVIDENCE.—*Opinion as to Value of Services.—Care of the Sick.— Personal Injury.*—A witness who took care of plaintiff's wife after the injury for which suit is brought is competent to give her opinion as to the worth per day of taking care of her, without a further showing that she is acquainted with the value of such services.

SAME.—*Burden of Proof.—Contributory Negligence.—Shifting of Burden.*—The burden of proving that no negligence of plaintiff's wife contributed to the injury for which suit is brought, does not shift from plaintiff on proof that defendant's negligence was the proximate cause of such injury

From the Spencer Circuit Court.

*H. Cramer, F. A. Heming, W. L. May, J. E. Mc-Cullough* and *H. N. Spaan,* for appellant.

*W. W. Medcalf*, for appellee.

DAVIS, J.—The allegations of the complaint are in substance, that on the 29th day of May, 1894, the appellant was a common carrier of passengers; that on said day he undertook to carry the wife of the appellee from Dale Station, on the Air Line Railroad, to the residence of James A. Metcalf, in the town of Dale; that by the reason of the careless, negligent and inefficient management by appellant's servant of the horses and the vehicle in which she was being carried, she was violently thrown from said vehicle and sustained great injuries, whereby appellee was damaged in the amount of $1,000.

A demurrer was filed to the complaint, which was overruled and exceptions reserved. Appellant answered by general denial. A trial by a jury resulted in a verdict and judgment for appellee. One of the errors assigned is that the court erred in overruling the demurrer of the appellant to the complaint.

Counsel for appellant insist that the complaint is defective for the reason that it does not allege that the wife of the appellee was free from fault at the time of the injury, and that the facts pleaded do not show that she was free from contributory negligence.

The rule is firmly settled in this State that in actions for damages growing out of the alleged negligence of another, it must always be made to appear in the complaint, either by direct averment or by statement of the facts and circumstances under which the injury occurred, that the injured party was without fault contributing to the injury. *Bedford, etc., R. R. Co.* v. *Rainbolt*, 99 Ind. 551; *Anderson* v. *Scholey*, 114 Ind. 553; *Pittsburgh, etc., R. W. Co.* v. *Welch*, 12 Ind. App. 433.

There is no express or general averment in the complaint that the wife of the appellee was injured without fault on her part.

Therefore the only question for our consideration is whether it clearly and satisfactorily appears from the facts pleaded that the injury occurred without contributory fault on her part.

The only fact we have before us on this point is that by reason of the negligence of the appellant in the management of the horses and vehicle she was violently thrown from the vehicle. There is no averment that the vehicle was overturned, or that it was driven upon unlevel ground; or that it was suddenly jerked forward; or that anything else occurred the effect of which would be to throw appellee's wife from the vehicle.

In each of the cases hereinbefore cited it was certain to a common intent, from the circumstances alleged, that the injured party was free from any fault which contributed to his injury. In the Rainbolt case, the train was precipitated into the river while passing over a bridge. The negligence of the company, which resulted in that act, was alleged as the proximate cause of the injuries received by the passenger. In the Anderson case the vehicle was upset by reason of the negligence of the driver, whereby the passenger was injured. In this case no specific act is alleged as the proximate cause of the injury. The allegation in substance is that by reason of the negligence of the appellant she was thrown from the vehicle. No circumstances connected with the act is shown.

In the absence of any showing as to what constitutes the negligence which caused her to be thrown from the vehicle, it does not appear certain to a common intent that she was free from fault contributing to her injury. She may have been in the act of changing her seat.

Under such circumstances the question whether she was in fault should have been determined by the jury. It may be true that if she was standing, or in the act of changing her seat, when she was thrown from the vehicle, she would not be adjudged guilty of contributory negligence as a matter of law. The only point we decide is that it should have been shown in the complaint, either by direct averment or by the statement of the facts and circumstances under which the injury occurred, that she was without fault contributing thereto, and that the statement of the facts and circumstances in the complaint, in relation to the cause of her injuries, is not sufficient to show to a common intent that she was free from fault contributing thereto.

Another error assigned is the overruling of the motion for a new trial. One of the causes assigned in the motion for a new trial is that the court erred in allowing the witness, Nellie Stillwell, to give her opinion as to what it was worth per day to take care of appellee's wife after she was injured. The witness had testified that she had taken care of the woman after she was injured. The objection to this testimony was that it had not been shown that the witness was acquainted with the value of such services in the town of Dale, or anywhere else.

In *Storms* v. *Lemon*, 7 Ind. App. 435, in an opinion by Judge Gavin, this question was decided adversely to the appellant and following that case, which in our opinion was correctly decided, there was no error in the ruling now under consideration.

Another reason assigned in the motion for a new trial was the giving of an instruction by the court in substance, that if appellee's wife was by reason of the negligence of appellant's servant thrown from the hack, a *prima facie* case was made out by the appellee "and

the burden is then shifted to the defendant, and it is incumbent on him to prove to the satisfaction of the jury that plaintiff's wife, the injured party, was guilty of negligence contributing to the injury."

Assuming that the happening of the accident raised the presumption of negligence on the part of appellant and that the burden was on the appellant to rebut such presumption by showing that the injury was not occasioned by any want of skill or prudence on the part of the driver or by any neglect or want of practicable care or foresight on the part of the carrier, the burden did not shift to the appellant to prove that the injured party was guilty of contributory negligence.

Proof of appellant's negligence did not necessarily show that the appellee was free from contributory negligence.

In other words, the negligence did not make a *prima facie* case in behalf of appellee. When it appeared that she was thrown from the vehicle, this fact may have been sufficient under the circumstances disclosed by the evidence to establish a *prima facie* case of negligence on the part of the appellant, but such negligence on the part of the appellant did not shift the burden of proof on the question of contributory negligence. Assuming that the negligence of appellant was the proximate cause of her injuries the burden was on the appellee to show by the facts and circumstances under which the injury occurred that she was without fault contributing thereto. It was not necessary for appellee to introduce any direct evidence on the question, if the facts and circumstances under which the injuries occurred were sufficient to warrant the inference by the jury that she was not guilty of contributory negligence. In the Rainbolt, Anderson and Welch cases, *supra*, the facts and circumstances were such that it was certain to a

common intent in each instance that the injured party was free from any fault which contributed to the injury, but in this case there was evidence fairly tending to prove that she had her baby in her arms, that she was sitting on the west side of the hack, and that as it started she attempted to change her seat to the other side, and in making this change fell out of the hack. If the undisputed evidence disclosed that she was sitting in the hack and that the driver struck the horses, causing them to jerk the hack forward, thereby throwing her out, then it would appear clear to a common intent that she was not in fault.

Under such circumstances the court might have instructed the jury that it appeared from the evidence that no fault of hers contributed to the injury, and that if she was thrown out of the hack, this was *prima facie* proof of negligence on the part of appellant, and that the burden was on him to rebut such presumption by showing that the injury was not occasioned by any want of skill or prudence on the part of the driver. She was not necessarily in fault if she attempted to change her seat, although such act may have contributed to her injury. In order to absolve appellant from damages for injuries sustained by her as the result of his negligence, because of contributory negligence on her part, she must have been in fault. She had the right, in the exercise of ordinary care, to assume that appellant would not be guilty of any act of negligence either of omission or commission that would likely result in her injury. Although some act of hers may have contributed to her injury she was not guilty of contributory negligence unless she was in fault. If she was in the exercise of ordinary care she was not in fault.

Therefore, if the circumstances clearly showed that she was not in fault, no further proof on the question

of contributory negligence was necessary, but if it did not appear from the circumstances that she was free from fault, the burden of the issue on the question remained on the appellee, notwithstanding a *prima facie* act of negligence on the part of appellant, as the proximate cause of her injury had been shown.

The only point that we decide on this question is that when the negligence of appellant was shown, as the proximate cause of her injury, the burden of proof that no fault of appellee's wife contributed to her injury, did not shift to appellant.

As bearing on some of the questions considered, see *Kentucky, etc., Bridge Co.* v. *McKinney*, 9 Ind. App. 213, 221, 223; *Evansville, etc., R. R. Co.* v. *Athon*, 6 Ind. App. 295; *Indiana, etc., R. W. Co.* v. *Greene, Admx.*, 106 Ind. 279, 285.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, with leave to appellee to amend his complaint.

REINHARD, J., did not participate in the decision of this case.

Filed March 31, 1896.