ATKINSON ET AL. *v.* MARIS, ADMINISTRATOR.

[No. 6,029. Filed June 25, 1907. Rehearing denied October 17, 1907. Transfer denied December 20, 1907.]

1. APPEAL.—*Leave for.*—*Objections.*—*Decedents' Estates.*—Possible objections to the granting of leave to appeal under §2978 Burns 1908, Acts 1899, p. 397, providing that appeals in matters connected with the settlements of decedents' estates shall be taken within ten days, unless, upon good cause shown, the Supreme Court shall grant leave to file within one year, cannot be presented on a motion to dismiss an appeal so taken. p. 720.

2. SAME.—*Leave.*—*Dismissal.*—*Decedents' Estates.*—Where an appeal, in an action against an administrator, was not filed within ten days, as provided by §2978 Burns 1908, Acts 1899, p. 397, and leave for an appeal within one year, as therein provided for, was not granted, an appeal taken after ten days should be dismissed. p. 721.

3. SAME.—*Leave.*—*How Proved.*—Leave for the taking of an appeal after ten days, in a matter concerning a decedent's estate, as provided by §2978 Burns 1908, Acts 1899, p. 397, must be proved by the record and not by affidavits of attorneys. p. 721.

4. SAME.—*Leave.*—*Requisites.*—Where an application is filed for leave to appeal from a judgment affecting a decedent's estate, after ten days, as authorized by §2978 Burns 1908, Acts 1899, p. 397, it is not necessary to file a transcript of the record or to

assign errors thereon until the application is granted; and the transcript filed after leave to appeal is obtained governs the case on appeal. p. 722.

5. APPEAL.—*Transcript.—Contradicting.*—The transcript on appeal imports absolute verity, and cannot be contradicted by affidavit. p. 722.

6. SAME.—*Dismissal.—Correction of Record.—Certiorari.* — The trial court has the right to correct its record before the taking of an appeal, and if corrected afterwards, a writ of *certiorari* will issue to correct the transcript; and such correction, in either way, furnishes no ground for the dismissal of the appeal. p. 722.

7. SAME.—*Bills of Exceptions.—Filing.—Presentation to Judge.*— The presentation of a bill of exceptions to the trial judge, within the time given for filing same, and the subsequent filing thereof, make same a part of the record. p. 723.

8. SAME.—*Bills of Exceptions.—Parts of Evidence.*—Where questions are raised, in the motion for a new trial, requiring a consideration of particular parts only of the evidence, such parts alone are necessary in the bill of exceptions (§665 Burns 1908, Acts 1903, p. 338, §5). p. 723.

9. TRIAL.—*Instructions.—Decedents' Estates.—Work and Labor.— Conveyances.—Payment.—Inferences.*—An instruction, in an action against an administrator for services performed for his decedent, that the law authorizes the inference of payment for such services, if decedent from time to time, during the period of such services, transferred to the plaintiff money and other property without declaring the purpose of such transfers, is erroneous, the comparative values of services and property being entirely omitted. p. 724.

10. EVIDENCE.—*Impeaching.—Decedents' Estates.—Parties.—Competency.*—In an action against an administrator, involving a contract with the decedent, the claimant is a competent witness, under §523 Burns 1908, §500 R. S. 1881, to testify as to a conversation had between claimant and defendant's witness, in the absence of decedent, defendant's witness having testified in reference thereto. p. 725.

11. TRIAL.—*Instructions.—Interrogatories.—Decedents' Estates.— Contracts.—Settlement.*—An instruction, in an action against an administrator, on a contract made with decedent, that payment for services could be inferred from a transfer of property, is not harmless where the interrogatories showed a complete settlement at a certain date, since the jury might have inferred erroneously that such transfers constituted the consideration for such settlement. p. 725.

12. EVIDENCE.—*Exclusion of.—Weight.*—The exclusion of competent evidence upon the vital issue of a case is reversible error. p. 726.

From Orange Circuit Court; *Thomas B. Buskirk*, Judge.

Action by William Atkinson and another, against Aaron Maris, as administrator of the estate of John Maris, deceased. From a judgment for defendant, plaintiffs appeal. *Reversed.*

*Smith & Korbly* and *McCart & McCart*, for appellants.

*Elmer Stout, M. B. Hottel, B. Harver, Oscar Ratts*, and *W. J. Buskirk*, for appellee.

Rabb, J.—The appellants filed a claim in the court below against the estate of appellee's intestate. The claim was put 'at issue, and a jury trial had, resulting in a verdict in favor of appellee. The appellants' appeal to this court was not perfected within ten days, as is prescribed by §2978 Burns 1908, Acts 1899, p. 397, but under the provisions of the law the appellants petitioned this court for leave to appeal within one year after the decision. The appellee was given ten days' notice of the presentation of the petition, and appeared in this court and resisted the granting of the same, setting forth a multitude of grounds for dismissing appellants' petition. The matter of granting the petition was heard and determined by this court on February 6, 1906, and the prayer of the petition granted, upon condition that the appellants file their appeal bond with the clerk of the Orange Circuit Court, in a penalty of $750, with the Title Guaranty & Trust Company as surety thereon. The appellants perfected their appeal by filing the bond, as prescribed by the order of the court, with the clerk of the Orange Circuit Court, and by filing in this court a duly certified transcript of the proceedings of the court below within one year from the rendition of the judgment, with a proper assignment of errors.

The first question confronting the court in this case arises on appellees' motion to dismiss the appeal. Forty distinct reasons for the motion are assigned in appellee's petition. The greater part of these reasons were presented to the court in resisting appellants' motion for

leave to appeal. These reasons, if sufficient on appellee's motion to dismiss, were equally potential to the granting of leave to appeal. The appellee, after appearing to the motion for leave to appeal, and having there presented to the court for its consideration and determination these matters, as he had a right to do in opposition to the granting of such leave, is concluded by the decision on that motion, and cannot again present them here. A motion to dismiss an appeal presents no meritorious question, and this court will not consider, on a motion to dismiss, grounds or reasons that have been once passed upon by the court and adjudged insufficient for refusing the right to appeal. To do otherwise the court would stultify itself, and subject itself to the charge of trifling with the rights of the parties; and we refuse, therefore, again to consider on this motion to dismiss appellants' appeal any question presented, or which might properly have been presented by appellee in opposition to appellants' petition for leave to appeal. *Duncan* v. *Gainey* (1886), 108 Ind. 579.

Causes twenty-six, thirty-seven and thirty-eight, set forth in appellee's motion to dismiss the appeal, would, if true, require the dismissal of the appeal. They state as a

2. fact that no leave to appeal this cause was granted by this court. If such was the case the cause would not properly be on the docket.

It is averred that what purports to be the order granting the appeal was an order made by one of the members of the court, in chambers, and not by the court, in session, or

3. concurred in by a majority of the members of the court. These facts are substantiated by the affidavit of one of the attorneys for the appellee. The Appellate Court is a court of record, and its proceedings are proved by the record and not by the affidavit of lawyers. Its records import absolute verity, and how any well-informed attorney, having regard for the ethics of his profession, could have the assurance to tender to this court his sworn

statement as proof of its proceedings, against the record and the absolute and accurate knowledge of the individual members of the court, is incomprehensible. Not only is this statement in appellee's motion contrary to the record, but it is known to be false as a matter of fact by two members of the court, who were sitting at the time the leave to appeal was granted.

It was not necessary or proper that appellants should file in the office of the clerk of the Supreme Court a transcript of the record for the purpose of perfecting the appeal, and assign errors thereon, until after the court had granted leave to appeal, and there is but one transcript in the case. Appellants' brief refers frequently to the "original" transcript. The original and only transcript that governs the court, and to which the court can look in the determination of questions arising on the appeal, is the transcript filed after leave was granted to appeal, and this, the record shows, was filed February 9, 1906, and this record imports absolute verity, and cannot be disputed by affidavit.

The twenty-eighth reason for the dismissal is disputed by the record. The fact that the record of the court below had been corrected so as to speak the truth is no ground for a dismissal of the appeal. This correction was so made before the transcript was filed in this court. It might have been made after the transcript had been filed here, and properly brought into the transcript by a writ of *certiorari*. The record in this court shows that upon the proper petition of appellants, to which appellee appeared, leave was granted appellants to appeal this cause within one year, on the filing of a bond, with surety, and in a certain sum named. The bond was filed as provided by the order, and within the year from the date of the rendition of judgment in the court below a duly certified transcript of the record, with the proper assignments of error, was filed with

the clerk of this court. The case is properly here, and no sufficient reason is shown for the dismissal of the appeal. The only error properly assigned is the action of the court below in overruling appellants' motion for a new trial. The reasons for a new trial urged here as grounds for the reversal of the judgment are the giving by the court of certain instructions, and the exclusion by the court of certain evidence tendered by the appellants. Appellee earnestly insists that these questions are not properly saved in the record, and, if properly saved, they do not constitute reversible error, because the record affirmatively shows that they did not affect the result of the trial.

The claim is made by appellee that the bill of exceptions setting out the parts of the evidence was not filed in the clerk's office of the Orange Circuit Court within the time given by the court for that purpose. It was not essential that the bill of exceptions should be filed in the office of the clerk below within the ninety days given by the court to file bills of exceptions. It was only necessary that it should be presented to the judge for his examination and signature within the time specified. The authorities cited by appellee so declare, and this is the express provision of the statute. The bill of exceptions in this case shows affirmatively that it was so presented within the proper time.

The claim is also made that inasmuch as the bill of exceptions does not purport to set out all the evidence given in the cause, nor purport to present a reserved question of law, under §669 Burns 1908, §630 R. S. 1881, no question can be raised upon the evidence. The bill of exceptions does contain a clear statement of the ruling called in question, and a succinct recital of such parts of the evidence as are necessary to advise this court of the pertinency and materiality of the matters set out to be reviewed, as provided in section five of the act of 1903 (Acts 1903, p. 338,

§665 Burns 1908, and this was all that was necessary to be set forth in order properly to present the questions here.

The court below, over appellants' objection and exception, instructed the jury as follows: "I instruct you that it is the law that the plaintiff in this case is not required to prove an express promise to pay for the services rendered the deceased by them if you find that they rendered him services, but it will be sufficient in this regard, if they prove facts and circumstances and statements of the deceased made, from which an intention to pay for said services on his part and an expectation to be paid on the part of the claimants should be inferred, but in this connection I instruct you that while it is true that the law authorizes you in such cases to infer a promise to pay on account of such facts and circumstances and statements of the deceased, it is equally true that the law authorizes you to find that there was in fact payment for such services, if you find that the deceased from time to time during the period in which such services were rendered gave and transferred to said claimant money and other property without declaring the purpose or motive for the giving and transferring of such money and property." This instruction was so clearly bad that appellee does not attempt to sustain it by argument. It informs the jury that if they find the intestate was indebted to appellants for services rendered, they were authorized to infer that such indebtedness was paid, if the deceased, from time to time during the rendition of the service, transferred to appellants money or property without disclosing his purpose in making such transfer, regardless of the value of the services rendered, or the amount of money or value of property given or transferred by the intestate to the appellants. No such inference could be drawn from such circumstance unless it appears that the money or value of property transferred to the creditor equaled the amount of the debt owing.

William Jones testified as a witness for appellee to a conversation had with the appellant William Atkinson, at a

time when the intestate was not present, in which appellant Atkinson, in answer to a remark that the intestate was a great deal of trouble, said: "He pays us a great deal of money. He gives us something like $1,000 per year." The appellants tendered William Atkinson as a witness, and offered to prove by him that no such conversation ever occurred. Appellee's objection to this testimony was sustained by the court. This ruling was plainly erroneous. The statute provides: "If any witness shall, on behalf of the executor, administrator, or heirs, testify to any conversation or admission of a party to the suit, his assignor or grantor, as having been had or made in the absence of the deceased; then the party against whom such evidence is adduced, his assignor or grantor, shall be competent to testify concerning the same matter." §523 Burns 1908, §500 R. S. 1881. Under this provision of the statute William Atkinson was clearly a competent witness to rebut the testimony of the witness Jones, as to the conversation Jones testified to, and the sustaining of the objection was erroneous. Other questions are raised as to the admissibility of the testimony of the appellant in rebuttal of conversations claimed to have been had with them, and testified to by witnesses for appellees, the record not disclosing affirmatively whether the conversations were had in the presence or absence of the intestate. It is not necessary to pass upon the questions thus raised. They probably will not arise upon a second trial of the cause.

It is contended by appellee that the errors of the court in instructing the jury, and in refusing to permit William Atkinson to testify in rebuttal of the testimony given by the witness Jones, are not reversible, for the reasons that the answers to interrogatories show that they did not affect the verdict of the jury, and that the verdict was founded upon a settlement made between the parties. The answers to the interrogatories show that a settlement was made between appellants and intestate at a cer-

tain date, and that there was nothing due to the appellants upon this settlement. This court cannot say that this finding was not influenced by the instruction complained of, or by the rejection of the evidence complained of. There was evidence introduced before the jury that upon the date in which they find the settlement was made a deed for certain land was executed by the intestate to the appellants, and the jury may well have concluded from the instructions given by the court that the transfer of this property paid the appellants' claim, regardless of the amount of the claim and the value of the property transferred by the deed.

It is insisted that the refusal of the court to permit the appellants to deny the testimony of the witness Jones, and other witnesses, could not have affected the result, as there was no reasonable probability that the jury would have accepted the denial of the appellant William Atkinson against the sworn testimony of disinterested witnesses. It is not for this court to say what would have been the effect of the testimony of the witness. It was competent, and the appellants had the right to have it considered and passed upon by the jury, and the denial of this right constitutes reversible error.

Cause reversed, with instruction to the court below to grant a new trial.