## ELLIOT, ADMINISTRATOR *v.* ELLIOT.

[No. 8,992.   Filed March 9, 1916.]

1. APPEAL.—*Review.*—*Instructions.*—In an action against an administrator to recover a claim against his decedent's estate, an instruction that defendant had a right to prove payment without a formal plea of payment, but that the burden of proof was upon him to prove payment if he relied upon it as a defense, was not objectionable on the ground that no burden rested on defendant until plaintiff had made proof of all material allegations of the complaint, in view of an instruction which fully informed the jury as to the burden resting on plaintiff.   p. 212.

2. TRIAL.—*Instructions.*—*Duty to Request.*—Where a party feels that an instruction by the court lacks certain embellishments or qualifications it is his duty to tender an instruction covering the omissions.   p. 212.

3. APPEAL.—*Review.*—*Refusal of Instructions.*—In an action on a claim against a decedent's estate, there was no error in refusing a requested instruction to the effect that admissions made by decedent prior to his death that he was indebted to plaintiff would not in themselves be sufficient to prove the indebtedness, in view of another instruction which, when considered with instructions given on the subject of verbal negotiations between plaintiff and decedent, fully covered the matters included in the instruction refused. p. 213.

4. EXECUTORS AND ADMINISTRATORS.—*Claims Against Estates.*— *Witnesses.*—*Competency of Claimants.*—Under §523 Burns 1914, §500 R. S. 1881, a plaintiff in an action against a decedent's estate is a competent witness on his own behalf concerning matters

VOL. 61—14

testified to by witnesses for the estate as to conversations with the claimant and not had in the presence of the decedent. p. 214.

5. APPEAL.—*Evidence.—Weight and Sufficiency.*—The court will not weigh the evidence on appeal and will deem it sufficient to uphold the verdict if it supplies reasonable ground for inferring the facts essential to a recovery. p. 214.

6. EXECUTORS AND ADMINISTRATORS.—*Action on Claim Against Estate.—Evidence.—Sufficiency.*—In an action on a claim against a decedent's estate, based upon an alleged agreement by decedent to pay interest to plaintiff on an agreed valuation on land conveyed by the plaintiff, where the deeds of conveyance executed by plaintiff were silent as to the agreement contended for by him, evidence consisting of such deeds, a memorandum by decedent referring to a settlement between himself and plaintiff showing a balance of $48 interest due plaintiff in 1892, together with the testimony of two witnesses that decedent had admitted that he owed plaintiff interest and that plaintiff was to receive 6 per cent on the valuation of each 20-acre tract conveyed, precluded the court on appeal from disturbing the verdict for plaintiff, although there was evidence showing the plaintiff had depended on decedent for years and that no payment of interest had been made during a period of fifteen years, and notwithstanding that plaintiff's introduction of the deeds in evidence placed upon him the burden of showing the true consideration. pp. 215, 216.

7. EVIDENCE.—*Admissions.—Parol Evidence.*—Verbal admissions should be received as evidence with caution. p. 216.

From Wells Circuit Court; *Wm. H. Eichhorn,* Judge.

Action by Samuel Elliot against the estate of Patrick H. Elliot, deceased, and from a judgment for plaintiff, Jack Elliot, as administrator of such estate appeals. *Affirmed.*

*C. A. Henry, Gus S. Condo, John R. Browne* and *Edwin C. Vaughn,* for appellant.

*Robert T. St. John, William H. Charles, Willard B. Gemmill, Abram Simmons,* and *David P. Long,* for appellee.

MORAN, J.—Appellee recovered a judgment in the court below against the estate of his son in the sum of $855.68. From this judgment an appeal has been prosecuted by appellant, assigning as error the

overruling of his motion for a new trial. The causes for a new trial, as presented by appellant's brief for review, are: That the verdict is not sustained by sufficient evidence and is contrary to law; the admission of incompetent evidence; the giving of instruction No. 2 on the court's own motion, and the refusal to give instruction No. 7 as requested by appellant.

Briefly the theory of appellant's right to recover as against his son's estate, and which was embodied in proper pleadings is that subsequent to the year 1884, and prior to the year of 1891, appellee sold a portion of his real estate to his three sons. This he did on account of ill health, being unable to cultivate the same, and being desirous of procuring an income therefrom during the remainder of his natural life.

The agreement made with his sons was that as to twenty acres to be conveyed to each of his sons respectively, there was to be an income of 6 per cent on a named consideration of $800 to be paid by the sons each year during the remainder of the life of appellee. Appellant's decedent, Patrick H. Elliot, became the owner many years before his death of the three tracts of real estate burdened with the covenants to pay the gross sum of $144 per year; that many years elapsed without any payment having been made, so that at the date of the death of Patrick H. Elliot there was due appellee including principal and interest the sum of $3,160, and the further sum of $75, being the purchase price of a horse.

Appellant earnestly insists that the evidence does not support the verdict. This is the principal reason urged for reversal of the judgment. The other objections to the action of the trial court, viz., the admission of incompetent evidence and the giving and refusing to give instructions partially embrace the

ground covered by the alleged error as to the evidence being insufficient to support the verdict, and as a matter of convenience will be disposed of first. Instruction No. 2 as given by the court of its own motion informed the jury that appellant had a right to prove payment of any sum or sums alleged in the complaint to be due, without a formal plea of payment; but the burden of proof was upon appellant to prove payment if he relied upon the same as a defence. The objection urged to this instruction is that there was no burden of any kind on appellant in a cause of the character being tried until after appellee had established his cause of action by proof of all material allegations of his complaint; and that while as an abstract proposition of law the instruction might be free from criticism, yet under the circumstances without further explanation or qualification, that its tendency was to mislead the jury. Instruction No. 1 given by the court on its own motion told the jury that the burden was upon appellee to establish by a preponderance of the evidence all the material allegations of his complaint before he was entitled to recover. That it was encumbent on appellee to prove by a preponderance of the evidence that the debt sought to be recovered or some part of the same was due and owing. There is evidence in the record which makes the instruction on payment proper, and, if there is any infirmity by the lack of it being further embellished or qualified, it was appellant's duty to have tendered an instruction covering the qualifications which he desired. *Chicago, etc., R. Co.* v. *Hamerick* (1912), 50 Ind. App. 425, 96 N. E. 649. When this instruction is read in connection with instruction No. 1 given by the court of its own motion,

the substance of which is the foregoing, the instruction could not have misled the jury.

Instruction No. 7 tendered by appellant is to the effect that admissions made by the decedent prior to his death that he was indebted to appellee 3. would not in themselves be sufficient to prove the indebtedness or agreement; that an indebtedness actually existed must be established by *prima facie* evidence, and if the jury should find that the only evidence offered supporting the alleged contract were the admissions of decedent its verdict should be for appellant. Instruction No. 6 given at the request of appellant informed the jury, among other things, that as to admissions testified to as having been made by the decedent as to his owing appellee, even if made, would not entitle appellee to recover, unless he establish by a preponderance of the evidence that some amount was due at the time of the decedent's death. This instruction fully covers the matters included in instruction No. 7 as refused, when read in connection with instructions Nos. 1, 2 and 3 given at the request of appellant, which, in substance, informed the jury that all verbal negotiations between appellee and Patrick H. Elliot in relation to the conveyance of the real estate merged and became a part of the deed, which was the best evidence, and which could not be altered by parol evidence, except the consideration might be explained; but even parol evidence could not be resorted to for this purpose unless the consideration for the deed as explained actually entered into or antedated the execution and delivery of the deed; that a subsequent arrangement to the execution of the deed, whereby Patrick H. Elliot was to pay so much per year to his father, unless a part of the original consideration for the execution of the deed, would not be binding on appellant; that the con-

sideration must have been agreed upon at the time or before the execution of the deed, and if the evidence failed to so establish this fact the jury would not be warranted in finding that the payment of interest on the named consideration of $800 for the execution of the deed entered into the consideration of the same; and, further, if appellee failed to prove by a preponderance of the evidence when the alleged agreement to pay interest was made, or that there was no evidence as to when the same was made, the presumption was that the true consideration was stated in the deed. The value of admissions as evidence so far as they relate to the question under consideration in this cause, and how far parol testimony might be resorted to to explain the consideration named in this deed were specifically covered when the instructions, the substance of which is the foregoing, are read as an entirety, and were quite as favorable to appellant as the law would warrant. No error was committed by the trial court in refusing to give instruction No. 7 as tendered by appellant.

Under the statute, the claimant was a competent witness on his own behalf to testify concerning matters testified to by witnesses for the

4. estate as to conversations with the claimant and not had in the presence of the decedent. This was the extent of appellee's testimony, hence there was no error committed by the trial court in this respect. §523 Burns 1914, §500 R. S. 1881; *Atkinson* v. *Maris* (1907), 40 Ind. App. 718, 81 N. E. 745.

Is the verdict supported by the evidence? A presentation of this question must be approached keeping in view the principle of our practice

5. that, on appeal, the appellate tribunal will not weigh the evidence, and will not disturb

the verdict if there is any evidence to support each material fact on which the verdict rests; and in this connection, it is sufficient to uphold the verdict if the evidence supplies such reasonable grounds for inferring facts essential to a recovery. *Abelman* v. *Haehnel* (1914), 57 Ind. App. 15, 103 N. E. 869.

6. The deeds of conveyance executed by appellee to his sons are silent as to the agreement contended for by him, and the establishment of which by proper proof is essential to support the verdict. It is argued by appellant that the introduction of the deeds in evidence by appellees made out a *prima facie* case against himself as to what constituted the true consideration for their execution. And to sustain his claim that the consideration was other than named in the deed, it became necessary for him to overthrow the recitals in the deed as to the consideration and establish a new consideration as averred, and that a different consideration from that named in the deed had been agreed upon before or at the time of the execution of the deed, and was the consideration upon which the deeds rested. *Hayes* v. *Peck* (1886), 107 Ind. 389, 8 N. E. 270; *Levering* v. *Shockey* (1885), 100 Ind. 558; *Lowry* v. *Downe* (1898), 150 Ind. 364, 50 N. E. 79.

A sister of the decedent testified that she heard her brother, Pat, say on July 7, 1899, in the presence of Mr. Weeks and Mr. Devore that, "We were to pay 6 per cent on $800"; that the twenty he got of Will and the east forty were to pay 6 per cent on $800 as to each twenty. Mr. Weeks testified that in July, 1899, the deceased told him that he owed his father some interest, as his father was to receive 6 per cent interest on $800 for each twenty-acre tract as long as he lived, and that the decedent owned the three twenties at that time. Outside the deeds of conveyance there is no further written evidence that

throws light on the transaction other than a memorandum taken from a book kept by the decedent during his lifetime, which refers to a settlement between himself and his father, and reads as follows: "All the above accounts were included in the settlement of Samuel and P. H. E., dated February 28, 1892, which settlement shows as a result that P. H. E. had paid Samuel all due on all accounts. And $48 as interest on $800, which was to be applied to the year of 1892, and this settlement made the accounts balance except interest of $48 per year on $800. P. H. Elliot."

The caution with which admissions verbally made should be received as a class of evidence is fully recognized by courts and the writers of text-books on evidence. 1 Elliott, Evidence §242; *Pence* v. *Makepeace* (1879), 65 Ind. 345; *Chandler* v. *Schoonover* (1860), 14 Ind. 324. Appellant's argument, when closely analyzed, is not that there is in reality no evidence to support the contract as to the payment of the consideration contended for by appellee, but that on account of the weakness of the evidence and the safeguards thrown around estates of the dead by the courts, where the payment of claims such as under consideration are sought to be enforced, the verdict should not be allowed to stand, especially in view of the fact that the evidence discloses that appellee informed two of his grandchildren, long before the death of their father, that their father had paid him all he owed and more too, that he had been depending on him for years, that he had been good to him and their grandmother; and that the only denial made to this by the claimant was that he did not remember making such statements to his grandchildren. It is further pressed in this connection that Patrick H. Elliot lived in close

proximity to his father for twenty years; that scarcely a day had passed that he did not visit his father and mother, and that his father was not in such circumstances that he could well afford to have treated the income of $144 per year so lightly as to let it run during a course of fifteen years. As to this latter contention, the record discloses that Patrick H. Elliot and his father were on the best of terms, and that there was no want of filial duty and respect on the part of the son to his father and mother. The fact, however, that the claim was permitted to run during the course of many years without disclosing any circumstances why the payment had not been pressed is an argument, no doubt, that was not overlooked in presenting the cause to the jury, as the weighing of these circumstances was exclusively within its province. Recurring to the former contention that the verdict should not stand on account of its not being sufficiently supported as to the establishment of the contract, there should be considered in this connection that at the time of the making of the purported memorandum by Patrick H. Elliot, disclosing a settlement between himself and his father, he was the owner then of but one tract of the real estate; and the memorandum is subject to the inference that the settlement was not final, and that the payment of $48 per year as mentioned therein was a continuing one.

The execution of the deeds being uncontroverted; and taking into consideration the relation of the parties and all the surrounding circumstances, together with the verbal admissions testified to on the part of the decedent and the written memorandum, as aforesaid, we can not say that there was no evidence establishing the contract. The nature and character of the cause is such that when it came before the able trial court on the motion for a

new trial, where it had the right to weigh the evidence, which is not within our province, a new trial, no doubt, would have been granted if a correct result had not been reached. Since this cause was appealed and before the date of submission, the appellee, Samuel Elliot, died and one Henry Munea was appointed administrator of appellee's estate, and as such administrator was properly substituted as the appellee in this court on October 1, 1914. Judgment affirmed.

NOTE.—Reported in 111 N. E. 813. As to admissibility of declarations of deceased persons, see, 94 Am. St. 673. As to competency of a coparty of decedent's representative to testify as to transaction with decedent, see 17 Ann. Cas. 216. See, also, under (1) 38 Cyc 1748, 1778; (2) 38 Cyc 1693; (3) 38 Cyc 1711; (4) 40 Cyc 2330; (5) 4 C. J. 850; 3 Cyc 348.