BORAM *v.* ST. JOSEPH LOAN AND TRUST COMPANY,
ADMINISTRATOR.

[No. 11,631.    Filed November 13, 1923.]

1. APPEAL.— *Review.— Instructions.— Harmless Error.*— In an
   Action against the estate of a decedent for services rendered
   during her life time, where plaintiff alleged that she was en-
   titled to the full amount claimed or nothing, an instruction
   that if the deceased agreed to pay plaintiff a certain sum in
   consideration of an advancement of certain moneys for the
   performance of certain services for which the deceased re-

ceived some consideration, but was inadequate, the plaintiff could recover only the amount equal to the consideration actually received by the deceased, *held* the instruction was not reversible error, as it was more favorable to the plaintiff than she had a right to demand, since the jury having found at the time of decedent's death she owed plaintiff nothing. p. 469.

2. TRIAL.— *Erroneous Instructions.— Cured by Other Instructions.—Harmless Error.—*Error cannot be predicated on the court giving instructions not warranted by the evidence, where the error, if any, was cured by instructions at the request of appellant. p. 470.

3. TRIAL.—*Instructions.—Credibility of Witnesses.—*The court did not err in instructing the jury that in determining the weight to be given to the testimony of different witnesses, their interest or lack of interest was to be taken into account. p. 471.

4. TRIAL.—*Refusal to Give Instructions.—Statute of Limitation. —Jury Questions.—*The court correctly refused to give an instruction, which, if given, would have taken from the jury the question whether plaintiff's claim was barred by the statute of limitation. p. 471.

5. WITNESSES.—*Competency.—Rebuttal Testimony.—Admissibility.—Statutes.—*In an action against decedent's estate for services rendered, *held* under §521 Burns 1914, §493 R. S. 1881, testimony by plaintiff, as to conversation had with deceased concerning certain bonds as testified to by another witness, and that the plaintiff receipted the decedent for her share of her father's estate without consideration in order that decedent, as administratrix, might make her final report, and that plaintiff's father did not contribute to or pay any part of her expenses while attending school, was properly refused by the court. p. 472.

From Elkhart Superior Court; *William B. Hile,* Judge.

Action by Alta K. Boram against the St. Joseph Loan and Trust Company, as administrator of the estate of Ella Kessler, deceased. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*William E. Wider* and *Yeagley & Wolfe,* for appellant.

*Samuel Parker, Will G. Crabill, S. J. Crumpacker, Arthur L. May* and *Woodson S. Carlisle,* for appellee.

McMAHAN, C. J.—Appellant filed a claim against the estate of her mother, Ella Kessler, for services rendered upon an alleged express agreement on the part of the mother to pay for such services. Trial by jury with a verdict and judgment against appellant. The questions presented for our consideration relate to the giving and refusal to give certain instructions, and in refusing to permit appellant to testify to matters which occurred prior to the death of the decedent.

Appellant complains of instructions Nos. 5, 6, 7, 10 and 11, given by the court on its own motion. Instruction No. 5 related to the right of a person to recover for services rendered where the parties at the time the services were rendered were members of and living together as one family. It correctly stated the law upon that question. *Miller* v. *Miller* (1911), 47 Ind. App. 239, 94 N. E. 243; *Wainwright Trust Co., Admr.,* v. *Kinder* (1918), 69 Ind. App. 88, 120 N. E. 419. What was said by the court in *Weesner, Admr.,* v. *Weesner* (1919), 71 Ind. App. 237, 124 N. E. 710, cited by appellant in relation to an implied promise to pay what the services were reasonably worth, referred to a case where the deceased was not a member of the family of the claimant.

Instructions Nos. 6 and 7 were to the effect that if the deceased agreed to pay appellant a certain sum, viz., $10,000, in consideration of an advancement

1. to her of certain moneys, or for the performance of certain services for which the deceased received some consideration, but that other considerations for which such promise was made failed, and if the consideration received by the deceased from appellant was an inadequate consideration for the payment of the $10,000, the jury might find for appellant but only in an amount equal in value to the consideration actually received by the deceased.

Appellant insists that the giving of each of these instructions was erroneous because, as she says, she had alleged an express promise to pay the $10,000; that she had proved an express promise and was entitled to recover $10,000 or nothing. Conceding, without so deciding, that under the pleadings and evidence these instructions were erroneous, the giving of them was not reversible error. Under appellant's contention these instructions were more favorable to her than she had a right to demand. The jury by its verdict found that the mother at the time of her death owed appellant nothing. It thus clearly appears that these instructions were of no controlling influence and that the verdict was not based on them. The evidence was sufficient to have warranted the jury in finding that in 1905 the deceased owed appellant $10,000 and that she at that time as well as on numerous occasions thereafter orally acknowledged such indebtedness. Appellant's mother did not die until February, 1917, and the jury may have found that appellant had been paid in full, or if not paid that the action was barred by lapse of time. Appellant makes no claim that the verdict is not sustained by sufficient evidence.

By instruction No. 10 the court told the jury that if it found the deceased for an adequate consideration paid by appellant promised to pay appellant 2. $10,000, and that the deceased had made any payments thereon, credit should be given for all payments so made. The objection to this instruction is that there is no evidence that the deceased ever made any payment of the alleged debt. There is evidence that in 1911 when appellant was contemplating purchasing some property she asked the deceased if she could not help appellant; that the deceased said she did not have any money, but that she would let her have some municipal bonds which she could convert into

money; that the deceased gave appellant at that time bonds amounting to $13,865, which amount appellant promised to pay back, but did not do so. Even if this is not sufficient evidence on which to justify the giving of the instruction, its giving would not amount to reversible error, in view of appellant's requested instruction No. 7, which was given, and where the court told the jury that if it found the deceased had promised to pay appellant for services rendered and money advanced by appellant, and that the amount promised had not been paid appellant she was entitled to recover such amount so promised as remained unpaid. With this instruction given at the request of appellant, we do not think it was reversible error for the court to give the instruction now under consideration.

Appellant next insists that the court erred in giving instruction No. 11, wherein the court told the jury that—"In determining the weight to be given to

3. the testimony of the different witnesses, you are to take into account the interest, if any, or want of interest, they have in the cause. * * *" The objection urged against this instruction is that it tells the jury they must take into account interest or want of interest and matters of that character. *Unruh* v. *State, ex rel.* (1886), 105 Ind. 117, 4 N. E. 453, and *Duvall* v. *Kenton* (1891), 127 Ind. 178, 26 N. E. 688, cited by appellant, have been overruled and are of no controlling influence upon the question here involved. *Fifer* v. *Ritter* (1902), 159 Ind. 8, 64 N. E. 463; *Tippecanoe Loan, etc., Co.* v. *Jester* (1913), 180 Ind. 357, 101 N. E. 915, L. R. A. 1915E 721.

Appellant next complains of the refusal of the court to give instruction No. 9 tendered by her. Appellee insists that the subject of this instruction was

4. sufficiently covered by the instructions given. This is probably true, but independent of that

question, the instruction if given would in fact have taken from the jury the question as to whether appellant's claim was barred by reason of the statute of limitations and was correctly refused.

Instructions Nos. 11 and 13, given at the request of appellee, related to the running of the statute of limitations and were properly given. The court did not err in giving, or in refusing to give, the instruction of which complaint is made.

The next contention of appellant is that the court erred in refusing to permit her to testify in rebuttal; 5. (1) That she did not have a certain conversation with her mother concerning certain bonds as testified to by appellant's brother; (2) that she received no part of her father's estate and that she receipted to her mother acknowledging the receipt of her share of the estate from her mother in order that the latter as administratrix might make a final report, when as a matter of fact she, appellant, did not receive the property mentioned in such receipt and final report; and (3) that her father did not contribute to or pay any of her expenses while she was attending school. The court did not err in refusing to permit appellant to testify on the subjects in question. §521 Burns 1914, §498 R. S. 1881; *Castor* v. *McDole* (1923), *post* 556, 137 N. E. 889; *Kibler, Admr.,* v. *Potter* (1895), 11 Ind. App. 604, 39 N. E. 525; *Nelson, Admr.,* v. *Masterton* (1891), 2 Ind. App. 524, 28 N. E. 731. If appellant's brother had testified to a conversation with appellant, or concerning a statement made by her, in the absence of the decedent, a very different question would be involved. See *Atkinson* v. *Maris* (1907), 40 Ind. App. 718, 81 N. E. 745. There was no error in overruling the motion for a new trial.

Judgment affirmed.