MASTERS, EXECUTOR *v.* STEWART.

[No. 15,156.   Filed December 21, 1935.]

*J. Fred Masters* and *Emmanuel E. Buckler,* for appellant.

*Charles T. Kaelin,* for appellee.

WIECKING, J.—This was an action upon a claim for board, nursing, and services rendered the decedent, Frances V. Egan, by the appellee. The appellee's verified claim was disallowed by the appellant, the executor of decedent's estate, and was placed upon the court's docket for hearing and trial. Before trial the executor filed an answer in three paragraphs, a general denial, accord and satisfaction, tender and payment. Upon the issues thus formed, the cause was submitted to the court for trial without intervention of jury. The judge, after hearing the evidence, made a decision and finding

against the appellant in the sum of ninety-seven dollars and rendered judgment upon such finding. The appellant then filed a motion for new trial, which motion was overruled. This action by the court is the error assigned to this court.

The claim of the appellee was for extra services rendered to the decedent in carrying meals upstairs for a period of ninety-six weeks at $1.00 per week, for balance due for nursing day and night for the week of October 15, 1932; for balance due for nursing day and night for the week of October 22, 1932, and for both board and nursing for the period of October 29 to November 3, 1932.

The appellant's second paragraph of answer alleges in substance that he had fully paid the appellee for all services except the period from October 30 to November 3, 1932. That he had tendered the appellee the sum of $10.00 as payment in full for all services rendered by the appellee to the decedent and upon her refusal to accept such sum he had paid it to the clerk of the court as a tender.

The evidence in the case introduced by the appellee in support of her claim was by three women who lived in the neighborhood. They testified that the decedent lived with the appellee for about two years; that the decedent was confined to bed during this time; that appellee took care of the decedent during all that time; that no other person took care of her; that during the two-year period prior to the death of the decedent that appellee carried food or water upstairs to her. The testimony of the three women as to the value of the services rendered varied from $30.00 to $49.00 per week. One witness, Harriett K. Bushnell, testified as to a conversation with the decedent during her lifetime about what appellee was paid for her services. The decedent told her that Mr. Masters (appellant) was taking care of her affairs

and that he paid appellee $10.00 per week when decedent was able to be up and around *and if she was flat on her back, more,* and *that appellee was to get a dollar extra per week each week decedent could not get down to her meals.* The decedent told the witness she had not been down "for two years since last Christmas."

The appellant testified that he had been the attorney for decedent for more than twenty or twenty-five years. That he looked after her business affairs for some years before her death and all the time she boarded with appellee. He testified that he had made the arrangements personally with the appellee for decedent's care. He was to pay appellee $10.00 per week for decedent's room and board and care; that at any time there was extra care appellant and appellee were to agree on additional pay. That he had paid the appellee in full each week and had a receipt for each week's care up to and including October 29th. That such payments averaged $12.00 to $13.00 per week and were all paid except the last week, beginning October 29, 1932, or six days, ending November 3, 1932, the date of decedent's death.

After the appellant had testified, the claimant, appellee, was called as a witness on her own behalf in rebuttal and testified that she made the arrangements for the care of decedent with Mrs. Egan herself and not with Mr. Masters. She was asked to give her conversation with the decedent but the court properly excluded it. The witness also testified she had been unable to see or talk to appellant from the time of decedent's death to the time of the trial. That at the last conversation he had asked her to sign a receipt for $10.00 in full and she had refused.

In the motion for new trial and as reasons for new trial the appellant urges that the assessment of the amount of recovery is erroneous, same being too large;

that the decision of the court is contrary to law; that the decision of the court is not sustained by sufficient evidence. The appellant also alleges as reason for new trial that the court erred in admitting certain evidence as to the value of appellee's services and in allowing appellee herself to testify as to the length of time the decedent lived with her and as to whom she had made the arrangements with for the care of decedent, whether with Mrs. Egan or appellant.

The appellant also assigns as reason for new trial the action of the trial court in excluding certain evidence of the witness Ella Farrington.

As to the first specification in the motion for new trial, there is sufficient evidence in the record to support the amount of the judgment. The evidence of a disinterested witness shows that appellee was to receive an extra dollar per week for the weeks that meals were carried to decedent and sufficient evidence to show this condition had existed for the ninety-six weeks alleged in the claim. Both parties agreed that appellee had not been paid for the last period which appellee said was six and a fraction days or about five hours short of a week. The appellant himself had testified that he had been paying $11.00 to $13.00 a week for this service of board and nursing. This would make a total of $107.00 due the appellee and even after the deduction of the $10.00 tendered by the appellant would still leave a balance due to appellee of $97.00, the amount found due by the court, even if appellee had been paid for all the services from October 15, 1932, to October 29, 1932, for which she asked extra compensation, except the special service above referred to. There being evidence to support the finding as to amount, it will not be disturbed. *Brown* v. *Brown* (1933), 205 Ind. 664, 187 N. E. 836.

The second specification of the motion for new trial was that the decision of the court is contrary to law; the third reason assigned was that the decision of the court is not sustained by sufficient evidence. In connection with these reasons for new trial, the appellant refers to the testimony of the appellee in rebuttal, and the refusal to strike out such testimony is assigned as reasons seven, eight, and nine for new trial. We will, therefore, discuss all of such specifications together. It must be remembered that the appellee became a witness only in rebuttal after Mr. Masters had testified as to the time that decedent had lived with appellee and that *he had made all the arrangements with appellee for decedent's care.* The questions and answers objected to by appellant were as follows:

"Q. Did she live at your home or stay at your home in the last two or three years?
"A. She came to me in 1930."

\* \* \* \*

"Q. How long did she stay at your home?
"A. She stayed with me from 1930 to 1931, and in April left me and returned in September, 1931, and remained until the date of death."

\* \* \* \*

"Q. Did you make your arrangements to take care of Mrs. Egan through him or Mrs. Egan?
"A. I made my arrangements through Mrs. Egan . . . not through Mr. Masters."

The statute governing the circumstances under which a claimant may become a proper witness in the trial of a claim against an estate is Section 2-1717, Burns Indiana Annotated Statutes 1933, §306, Baldwin's 1934, and the pertinent part thereof is as follows:

"2-1717 (553). When agent of decedent or adverse party testifies—Restriction.—When, in any case, an agent of a decedent shall testify on behalf of an executor, administrator or heirs concerning any transaction as having been had by him, as such agent, with a party to the suit, his assignor or

grantor, and in the absence of the decedent, or if any witness shall, on behalf of the executor, administrator or heirs, testify to any conversation or admission of a party to a suit, his assignor or grantor, as having been had or made in the absence of the deceased then the party against whom such evidence is adduced, his assignor or grantor, shall be competent to testify concerning the same matter."

It will be noted that the witness only testified in direct rebuttal to the testimony of the executor, Mr. Masters, that he had made the arrangements personally for the care of the decedent. She was a proper witness for this purpose. While it is true that she would not have been a competent witness in chief as to matters occurring during the lifetime of the decedent, when the executor testified as to certain facts, the claimant was a proper witness in rebuttal to testify as to the same facts occurring in the absence of the decedent. *Atkinson* v. *Maris* (1907), 40 Ind. App. 718, 725, 81 N. E. 745; *Eliot* v. *Eliot* (1916), 61 Ind. App. 209, 111 N. E. 813.

The case of *Baron* v. *St. Joseph's Loan and Trust Company* (1923), 80 Ind. App. 467, 141 N. E. 364, relied upon by the appellant is not in point, as it holds only that a claimant is not a proper witness to testify as to transactions with the decedent. That is undoubtedly the law, but in the instant case the claimant merely disputed the evidence of the appellant, not concerning transactions with the decedent.

This leaves us three reasons for new trial to be considered. The appellant during the trial moved that a certain answer of the witness Lillian D. McKinsey be stricken out as not responsive. The question and answer were as follows:

"Q. Now what else did you see Mrs. Stewart do for Mrs. Egan in her illness?
"A. She always comforted her . . . gave her great cheer."

The trial being before the court, the admission of immaterial evidence which did not bear upon the issues is not error, the presumption being that the court considered only the material evidence on the issues.

Objection is also made that the trial court improperly sustained a motion to strike out an answer of the witness Ella Farrington, offered on the part of the appellant. The question and answer were as follows:

"Q. Do you know whether that was paid or not?
"A. Well, I heard her say you did pay it. . . . That is all I do know."

A search of the record fails to show that the claimant was present during the conversation between the witness and the decedent referred to in the answer. The answer was therefore properly stricken out as any conversation in her absence could not be binding upon the claimant.

The last and final reason for new trial to be considered is reason number 5, allowing the witness Lillian D. McKinsey to testify as to the value of claimant's services to the decedent, without being qualified as an expert.

There was no error in the court permitting the witness to testify as to the value of the services observed by her. She had already testified as to the services performed by the claimant for the decedent and the extent to which such services were required. The services for which a claim was filed against decedent's estate were not claimed to be professional services or those in which unusual skill and capacity were required. The appellee had only such skill and training and experience in sickness as ordinarily belongs to the average woman. In a similar case some twenty years ago this court held none-expert testimony was admissible to prove the value

of similar services rendered a decedent by a farmer's wife who was the claimant in that case, the weight to be given such opinion being a proper matter for the jury to consider. *Storms* v. *Lemon* (1893), 7 Ind. App. 435, 34 N. E. 644; see also *Wulschner-Stewart Music Co.* v. *Faulkner* (1913), 55 Ind. App. 208, 103 N. E. 665; *Wahl* v. *Shoulders* (1895), 14 Ind. App. 665, 43 N. E. 458.

From a consideration of all the questions, we conclude that the trial court did not err in overruling the appellant's motion for new trial and the judgment is accordingly affirmed.

Judgment affirmed.