## DEAN v. STATE OF INDIANA.

[No. 969S200. Filed June 1, 1970. Rehearing denied July 29, 1970.]

*William C. Erbecker, James Manahan,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Edward Squier Neal,* Deputy Attorney General, for appellee.

HUNTER, C.J.—This is an appeal brought by appellant, Anderson Dean, from a conviction in the Marion Criminal Court, Division Two, of the offense of assault and battery with intent to kill. Appellant was tried by the court without the intervention of a jury and was found guilty as charged. He was sentenced to the Indiana State Prison for not less than two (2) nor more than fourteen (14) years.

Appellant filed a timely motion for a new trial alleging that the judgment of the trial court was contrary to law. The trial court overruled the said motion and appellant brings this appeal, assigning as his sole ground for error, the overruling thereof. A brief summary of the evidence most favorable to the state follows.

Sometime between the morning hours of 6:00-7:00 A.M. on September 12, 1968, appellant arrived at the home of Euphia Mae Keith and her son Andrea Jerome Keith at 2241 North Park Avenue, Indianapolis. Appellant was a boyfriend of Euphia Keith. He had been acquainted with her for approximately 6-7 years prior to the events in question.

On the morning of September 12th, Mrs. Keith awoke her son Andrea for school. She and the appellant were sitting in the kitchen while Andrea was readying himself in his bedroom. At approximately 8:00 A.M., Andrea passed through the kitchen into another bedroom to get his shoes. As he did so, appellant got up out of his chair and began following Andrea into the bedroom. At that time Euphia Keith called

the appellant back to the kitchen. Appellant came back out of the bedroom, sat down and proceeded to drink coffee.

Mrs. Keith testified that when Andrea made his return pass through the kitchen, appellant and Andrea exchanged a few words, then appellant drew a knife from his pocket and began stabbing Andrea. A scuffle ensued in the kitchen in which both Mrs. Keith and her younger daughter Bonita joined, attempting to assist Andrea who was being stabbed repeatedly by appellant. Mrs. Keith threw hot water from the stove on appellant while her daughter began hitting him on the head with a pot.

Andrea, after several minutes of struggling, finally managed to escape. He ran out of the house and onto the street where he collapsed from loss of blood. Shortly thereafter he was found by the police and taken to the hospital where he spent approximately two and one-half weeks recuperating from severe stab wounds.

Assault and battery with intent to kill is made a criminal offense pursuant to Ind. Ann. Stat. § 10-401a (1969 Supp.) :

> "Whoever with intent to kill another human being perpetrates an assault or assault and battery upon the other human being, shall upon conviction, be imprisoned in the state prison for not less than two [2] nor more than fourteen [14] years."

Appellant admits that there is sufficient evidence of probative value to support a finding of guilty of the crime charged in this case; however, he contends that, notwithstanding the sufficiency of the evidence, the judgment of the trial court is contrary to law. Appellant urges that although the finding of guilty could have been reached in a legal manner, in this case the finding by the trial court was arrived at in a manner contrary to law. According to appellant, the trial court, prior to entering its finding in the cause, summarized its reasons for doing so. Other comments made during the course of the trial are noted by appellant, which in his opinion reflect on

considerations not here pertinent to a finding of guilty. Appellant believes that the trial court's intermittent comments, in addition to its summary statement demonstrate that its finding of guilty was based upon matters of personal morals not relevant to the legal issues in the case. In short, it is appellant's contention that, had the trial court simply entered a finding of guilty *without comment*, its finding would have been lawful. By stating various matters in support of its finding, the court, in appellant's view, explicitly rebutted the presumption of lawfulness which otherwise would attend such finding.

Illustrative of the type of comment of which appellant complains is the following discussion by the trial court which immediately preceded its finding:

"You've got a youngster here [Andrea Keith], sixteen years of age, whose mother has been keeping company with this defendant according to the evidence, and this youngster has been in with juvenile people for burglary, for shoplifting, and he's now doing time at the Boy's School, and he's 16 years of age, which teaches me, Mr. Young [prosecutor], that that boy is in Boy's School because his mother sent him there because of her actions. Do you understand? A home, a church and a school, if they're proper homes, churches and schools, keeps children from the Boy's School, but I saw the cuts, I saw the stab wounds, there's no question at all from the boy's testimony and from the defendant's own testimony, and the boy's mother, that this defendant stabbed him with such vengeance that the intent to kill can be inferred from the use of the deadly weapon so calculated as to cause death, and that's the law, so there will be a finding of guilty, as charged, of Assault and Battery with Intent to Kill, age 34."

Upon an examination of both the court's summary statement and its findings, we are constrained to hold that no reversible error has been committed and that the judgment of the trial court should be affirmed. The only Indiana cases cited bearing on the question raised by appellant are civil cases.. In *Marks* v. *Box* (1913), 54 Ind. App. 487, 103 N. E. 27, the Appellate Court stated that in a trial by the court, if

evidence material to an issue was erroneously admitted, it will be presumed that the court, having admitted it, gave it consederation and weight. Under such circumstances the cause would be reversed on appeal.

In a later case decided by that court, *Masters, Executor* v. *Stewart* (1935), 101 Ind. App. 243, 198 N. E. 800, the following rule emerged:

> "The trial being before the court, the admission of *immaterial* evidence which did not bear upon the issues is not error, the presumption being that the court considered only the *material* evidence on the issues." (our emphasis) 101 Ind. App. at 250.

This court, in the case of *State, ex rel. Lesh* v. *Indiana Manufacturers of Dairy Products* (1926), 198 Ind. 288, 153 N. E. 499, dealt with the admission of improper testimony before the trial judge to which a timely objection had been made *and then sustained.* The court there held that we cannot presume that the trial judge was improperly influenced by evidence to which he had sustained an objection immediately after hearing what it was, even though he had overruled an objection to the question in answer to which it was given.

Although the above cases cited by appellant shed some light on the question being raised in this case, we believe that they are without application here.

The trial court is arriving at its finding of guilty based the same on substantial evidence of probative value in the record. Furthermore its summary remarks quoted above *recite no inadmissible evidence* either material or immaterial upon which the trial judge could have based a finding.

Perhaps the judge's discussion regarding the desirability of a home, a church and a school for a young man, would be better saved for sometime later in the proceeding, particularly since it was directed at the victim and his mother rather than the appellant. However, we cannot see how it in any way detracted from the court's proper consideration of the

evidence and the law. In fact as was expressly stated in the very same summary, the judge based his findings on the testimony of the victim, his mother, as well as the defendant's own testimony. The trial court's philosophical discussion of the beneficial influence of social and spiritual ties could in no way have prejudiced the appellant.

For the above reasons we believe that the judgment of the trial court is not contrary to law and therefore should be affirmed.

Judgment affirmed.

Arterburn, DeBruler and Givan, JJ., concur. Jackson, J., concurs in result.

NOTE.—Reported in 258 N. E. 2d 636.