CITY OF INDIANAPOLIS THROUGH THE DEPARTMENT OF TRANSPORTATION *v.* NOLA I. MEDENWALD.

[No. 2-273A41. Filed October 16, 1973.]

*Gary R. Landau,* Corporation Counsel, City of Indianapolis, *William L. Soards, Bowen, Myers, Northam & Soards,* of Indianapolis, for appellant.

*Pete A. Pappas, Clark & Clark,* of Indianapolis, for appellee.

SHARP, J.—This is an appeal by Plaintiff-Appellant, City of Indianapolis Through The Department of Transportation, from a judgment of the Superior Court of Marion County, Room No. 7, which was entered in favor of Defendant-Appellee Medenwald in the amount of $40,000.00, as the result of an eminent domain proceeding instituted by the Appellant City.

The subject property is located on West Tenth Street, with the I-465 Interchange to the west of the property and Lynhurst Drive to the east of the property. The property taken represents 55,670 square feet of frontage on West Tenth Street. Appellee-Medenwald has several buildings and a house towards the rear of the property. Medenwald operates a poodle grooming business and kennel in the rear buildings.

On August 28, 1969, Appellant City filed its Complaint for Appropriation of Real Estate. Trial to the Court was commenced on June 28, 1972. Pursuant to the sustaining of Appellee's motion for on-site inspection, the Court inspected and viewed the subject property on August 18, 1972. On September 11, 1972, the Court entered judgment for the Appellee for $40,000.00 plus $3,251.33, which was denominated as interest. Following the trial court's overruling of Appellant's Motion to Correct Errors, this appeal was perfected.

On Appeal, Appellant contends that the trial court erred in admitting over Appellant's objection, the testimony of two of Appellee's witnesses, Mr. Posner and Mr. Burford, in which

they testified, inter alia, that their after value of the subject property was based upon impairment of the right of ingress and egress to the property. Appellant relies primarily upon the recent cases of *State* v. *Ensley* (1960), 240 Ind. 472, 164 N.E.2d 342, and *State* v. *Cheris* (1972), 153 Ind. App, 451, 287 N.E.2d 777.

In this case there was substantial evidence of probative value which is not excludable under *Ensley-Cheris* to sustain the decision of the trial court. If there was no such evidence to support that decision, we would have no choice but to reverse. Since there is such evidence, we are not compelled to reverse the decision of the trial court.

Mr. Posner testified that the value of the 55,670 square feet taken was $1.00 per square foot; that the highest and best use of the property taken was commercial; and that after the take, due to the limited direct access from one direction only, he felt that he was "not led to believe that the market would view the property after the taking as a commercial apartment site."

Mr. Burford testified that the value of the 55,670 square feet of land taken was $1.50 per square foot.

It is apparent from the record that a concrete and metal divider was erected by the Appellant in the middle of West Tenth Street in front of the subject property.

Testimony was elicited at the trial to the effect that, due to the barrier, traffic going west on West Tenth Street could not turn directly into the subject property, but must go to the I-465 Interchange and then approach the property from the west. Also, due to the median strip, vehicles could only enter from the east-bound lane of West Tenth Street.

It is elementary that on appeal, the decision of the trial court will not be overturned if there is sufficient evidence of probative value to support it, unless it is contrary to law.

It must also be noted that when a cause is tried to the Court, a presumption arises that the trial court judge separated evidence from the improper evidence and only considered the proper evidence in arriving at his judgment, and the judgment of the trial court is afforded the same weight and presumptions as a jury verdict. *Masters, Executor* v. *Stewart* (1935), 101 Ind. App. 243, 198 N.E. 800, *Dean* v. *State* (1970), 254 Ind. 190, 258 N.E.2d 636.

Considering the evidence and the permissible inference therefrom, in a light most favorable to the Appellee, it is apparent that there is sufficient evidence of probative value to support this judgment.

In response to Appellant City's objection:

*"MR. CAPLIN:* Your Honor, to which we are going to object. They are offering evidence for the purpose of damage. They are bringing up a point of circuitous travel which is not compensatory by law."

the trial court stated:

*THE COURT:* I don't consider any inconvenience to customers as a consideration in this case. Now, if this testimony is for the purpose of showing that there was ingress and egress from Tenth Street then I am interested. Up until now it was my impression there wasn't any. I may have missed something along the way, so if you are on the matter of ingress and egress, I'll listen to that."

Appellee testified her damages were $415,000.00. Mr. Posner testified the damages were $270,400.00. Mr. Posner also testified that by using the "Market Data Approach", and comparables, the before value was $1.00 per square foot, and that the after value was $1.00 per square foot. With 55,670 square feet taken, his estimate of damages was $55,670.00. Mr. Burford testified that the value of the property taken was $1.50 per square foot, or $83,505.00. Appellant's witnesses testified the damages the Appellee sustained as a result of the take were $12,900.00 and $8,650.00, respectively. Comparables given by expert witnesses for both Appellant and Appellee varied from

14¢ per square foot to $3.63 per square foot. Appellant's witnesses testified that the median strip actually enhanced the value of the property due to the safety factor and also a deceleration lane which would now be used to enter the property. The judgment amounted to 71¢ per square foot.

In *Ensley, supra,* the Court instructed the *jury* that a limitation on the right of ingress and egress was a proper element of damages.

In *Cheris, supra,* in reversing an award for the landowners, we stated, "The award of damages to the landowners was based upon the theory that their right of access had been substantially impaired due to the construction of the median. . . ."

We cannot say as a matter of law that such was the case here. There was sufficient evidence before the trial court to support its verdict of 71¢ per square foot and the same is not contrary to law.

We, therefore, affirm the decision of the trial court.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 301 N.E.2d 795.