## ANDREW PINGREE *et al.*

*v.*

## SARAH D. P. JONES.

1. LIFE INSURANCE — *procured by wife's persuasion.* A wife has the right, by the use of all the persuasive arts at her command, to induce her husband to procure a policy of insurance on his life for her use, and, on his death, to receive all its benefits and proceeds.

2. WILL—*executor not personally liable for costs on contest.* In contest relating to the validity of a will, it is the duty of the person by it appointed executor, to defend it, and when he does so, although unsuccessful, it is error to render a decree against him personally for all the costs.

APPEAL from the Circuit Court of Boone county; the Hon. THEODORE D. MURPHY, Judge, presiding.

Mr. CHARLES WHEATON, for the appellants.

Mr. R. L. DIVINE, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding on the equity side of the Kane circuit court, instituted by Sarah D. P. Jones, complainant, against Andrew Pingree and Betsy P. N. Perkins, defendants, to set aside the will of Otho W. Perkins, complainant claiming as his only heir at law, and charging that the property came by her brother to testator, and the defendant Andrew claiming to be executor, and Betsy the devisee under said will.

The principal allegations in the bill are: 1. That the testator was insane, and incapable of making a will at the time the will in question was executed. 2. That undue influence was exercised over the testator, by the defendants, to procure the will to be made.

The prayer of the bill was, that an issue at law might be made up to try these questions, and that the will be set aside, if the issue be found for complainant.

This bill of complaint was answered by defendants, denying the charges, and a replication filed by complainant, and on her

application the venue in the cause was changed to the county of Kendall, when, afterwards, and after testimony had been taken upon both sides as to the allegations, on application of the defendants, the venue was changed to Boone county.

The cause was continued at the first term of the Boone circuit court, and, during the interim, a supplemental bill was filed by complainant adding to the charges in the original bill, allegations denying the legality of defendant Betsy's marriage with the testator, charging it to have been brought about by "the fraudulent and undue influence" practiced upon the testator by the defendants, alleging that, at the time of the marriage, the testator was incapable of entering into such a contract.

It is further charged in the supplemental bill, that by this same undue influence, testator was induced to procure an insurance upon his life in the sum of three thousand dollars, for the sole use of his said wife, and that, since his death, the same has been paid to the defendant Betsy, claiming that this money belongs to the complainant, and should be paid to, or accounted for to her.

The prayer of the bill was as follows:

"That an issue at law be made up to try whether said instrument in writing be the will of the alleged testator or not, according to the statute in such case made and provided; and if said issue be found against said pretended last will and testament, that then it may, by the decree of this honorable court, be annulled, set aside, and for naught held, and the estate of the said Otho W. Perkins be decreed to descend to the rightful heir according to law. And your oratrix further prays that the said pretended marriage between the said Otho W. Perkins and the said Betsy be decreed to be null and void, by reason of insanity on the part of said Otho at the time of its pretended solemnization, and theretofore and subsequently up to the time of his death, and of the fraud and undue influence of the said Betsy and Andrew in procuring the alleged solemnization of the same, and that a decree of nullity of the marriage may be pronounced by this court. Your oratrix also prays for an injunction in

this cause, that the said Andrew and Betsy may be restrained from administering upon or exercising any control over said estate, or any part or parcel thereof, except so far as may be necessary to protect and preserve the same until the final determination of this cause; and that they execute a bond in said estate, with good security, to be proved in this court, for the protection of the rights of your oratrix in this cause; that the acts of administration in said estate be set aside; that an account may be taken of all, and singular, the dealings and transactions between the defendants and the said O. W. Perkins and his estate; and that a receiver be appointed to receive, collect and get in all the outstanding debts and moneys due to or on account of said estate, and also to take possession of all the effects and property of or belonging to said estate; that the defendants may be ordered to deliver up to such person all the effects and property of or belonging to said estate in their possession or power, and also all books of account, accounts, receipts, vouchers and papers belonging to said estate, and that complainant have all such other, further or different relief as shall be agreeable to equity, etc."

To this amended and supplemental bill a demurrer was interposed, which was overruled.

The defendants then answered, denying all the material facts therein alleged; whereupon the court directed a jury to come, to inquire, not only as to the validity of the will, but also as to the alleged invalidity of the marriage.

The jury found that the writing introduced was not the last will and testament of Otho W. Perkins, and that the marriage in question was not the result of, or procured by fraud, or the insanity of the said Perkins.

A motion for a new trial on the first branch of the verdict was denied, and the court decreed the writing was not the will of the deceased Perkins, and that he died intestate, and that his whole estate descended to his heirs at law, and annulling the order of the county court establishing the will.

The court further, by its decree, adjudged the marriage of

Perkins with appellant Betsy to be a valid marriage, "to be upheld and respected as such in all courts."

The court further found that the deceased was induced by the defendants, in the manner alleged, to procure a life insurance policy for the benefit of said Betsy, and that the same has been paid to her; and that the policy was purchased and paid for with means derived from and belonging to the deceased's estate, and that defendants had an undue influence over the mind of said Otho, and by means thereof fraudulently induced and procured the policy to be taken for said Betsy's use; the court decreed, therefore, that, in equity and good conscience, this sum of three thousand dollars paid defendant Betsy, belongs to the intestate estate of said Otho, deceased, and that said defendants account for and pay over the same to the county court of Kane county, or to the proper legal representatives of said Otho, to be distributed like other intestate estate.

It was further decreed that the complainant recover her full costs to be taxed, including her witness' fees, etc., a long list of which is given in the decree. The court further decreed the will a nullity, it having been procured by the fraud and undue influence of the defendants, and that the testator was insane at the time of its execution. And it was further decreed that complainant have execution against the defendants personally for all her costs to be taxed, except as hereinafter provided; and that defendants pay all of their own costs, no part of the same to be charged against the estate.

To reverse this decree the defendants appeal, and make the points: 1. Overruling the demurrer to the amended and supplemental bills. 2. Decreeing the insurance money to be paid into the county court for the estate of Perkins. 3. In decreeing the costs against the defendants personally. No point is made on the finding declaring the will invalid.

We shall not discuss the first point, as it is unnecessary in the view we have taken of the case.

On the second point made by appellants, we fail to perceive any evidence whatever in the record of any undue influence

exercised by either of the defendants over the mind of the testator during any portion of his life, to induce him to take out a life policy for the benefit of his wife, appellant Betsy, nor any evidence that his marriage with her was not fair and legitimate, and such an union as he had a perfect right to form. When formed, the wife had a right, by the use of all the persuasive arts at her command, to induce her husband to purchase such a policy, and, on his death, the wife became entitled to all its benefits and proceeds. No charge can justly be made against her, for providing for her future widowhood. The money with which the policy was purchased and paid for, was the money of her husband, and he had a perfect right to appropriate it as he did.

The decree of the court in this respect must be reversed.

It was also error to decree that the costs should be taxed against the defendants personally. It is true, the question of costs in chancery is very much discretionary. It is, however, to be assumed that no arbitrary discretion shall dispose of them, but a fair judicial discretion.

In a contest relating to the validity of a will, as this was, the person by it appointed executor is bound, on every principle of honor, justice and right, to defend it. He owes this, at least, to the memory of the dead who placed this confidence in him. This will had been duly proved without opposition, and in the proper court, and the executor was bound to carry out its commands, or renounce. To do otherwise would be a gross dereliction of duty. This being so, to make him personally liable for all the costs, in case the contestants succeed, would be monstrous injustice. The decree in this respect is violative of more than one decision of this court on the point.

In *Russell* v. *Hubbard et al.* 59 Ill. 335, it was said, an administrator can never be made personally liable for costs except upon proof of *mala fides*, or gross negligence on his part.

Nothing appears in this record to justify this decree. One of the issues was found for the complainant, and another for defendants; where, then, was the equity in requiring the defendants to pay all the costs?

On the grounds and for the reasons stated, the decree is reversed, and the cause remanded with directions to proceed in conformity with this opinion.

*Decree reversed.*