## Missionary Society of the M. E. Church v. Lycurgus Goheen, Executor.

1. Executors—*Duty When Will is Attacked.*—It is the duty of the executor to defend the will when attacked, and when in doing so he acts in good faith and from proper motives, he should not be required

personally to pay the costs and expenses, including his reasonable attorney's fees, incident to such defense.

Appeal from the Circuit Court of Morgan County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed September 20, 1899.

H. G. WHITLOCK, attorney for appellant.

M. T. LAYMAN, attorney for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellant excepted in the County Court to the report of appellee as the executor of the will of Ann Akers, deceased, on the ground, chiefly, that he had paid, from the funds of the estate, attorney fees for defending the will upon the bill in chancery filed by appellant to contest it, the will thereby having been sustained, and also that he had not charged himself with various sums of money alleged to have been received by him as the agent of the testatrix during her lifetime. Both the County Court, and the Circuit Court on appeal to it, after having heard the evidence overruled the exceptions and approved the report of the executor, and to reverse the latter order this further appeal is prosecuted.

We are of the opinion it was clearly the duty of the executor to defend the will when attacked, and if he acted in good faith and from proper motives, he should not be required to pay the costs and expenses incident to such defense. In Pingree v. Jones, 80 Ill. 177, it was said:

"In a contest relating to the validity of a will, as this was, the person by it appointed executor is bound, on every principle of honor, justice and right, to defend it. He owes this at least to the memory of the dead who placed this confidence in him. This will has been duly proved, without opposition, in the proper court, and the executor was bound to carry out the commands or resign. To do otherwise would be a gross dereliction of duty."

While, as was said in Shaw v. Camp, 56 Ill. App. 23, the

rule announced in Pingree v. Jones, *supra*, that an executor can not be held liable individually for costs, is a general rule, it is not an inflexible one, but may, in any particular case, be departed from, if the peculiar circumstances of the case warrant such a course, as, if an executor act in bad faith, or is personally interested in the result of the contest and make the defense for his own protection or advantage, or other like reasons.

We find no sufficient reason, in the case presented, for concluding otherwise than that the executor acted in good faith for the purposes of carrying out the wishes of the deceased, and was not moved thereto by any improper motive. It is true the executor might have discharged his whole duty with a less number of attorneys than he in fact employed, but the amount paid to them, $400, would not in our opinion have been unreasonable for two, whereas four were employed. In the allowance of this credit to the executor we have no doubt the Circuit Court was influenced much more by the reasonableness of the charge, in view of the nature and requirements of the case, than by the number of solicitors engaged. We perceive no just reason for believing the amount to be unreasonable. Nor do we believe that the mere personal interest of the executor, uninfluenced by bad faith or improper motive, should burden him with the costs of defense. He was not alone interested, and other interested parties had the right to rely upon his discharge of duty, and, as we have seen, if unwilling to do that he should have resigned. As was said in Shaw v. Camp, *supra :*

" The power to dispose of one's property by will is an important and highly cherished right, and is so recognized throughout the enlightened world. The law should give every living man the assurance that his will, if so far executed in compliance with law as to be admitted to probate, shall be carried into effect, and if attacked will be defended by the person to whom he has committed the duty and power of executing his last wishes and desires."

If such duties are required by the law of persons who accept trusts of this nature, it would be unreasonable to

place the burden of such defense upon them personally when they act in good faith and from proper motives. Indeed, we would expect to find few persons who would be willing to accept trusts of this nature with such burden attached to them. Concerning the other contention of the appellant, that appellee has not charged himself with items alleged to have been received by him as agent of the testatrix during her lifetime, we think the burden of proof was upon the appellant, and, after an examination of the evidence upon this point, we fail to find that appellant's contention in this regard is sustained, and we accept the finding of the Circuit Court as decisive upon this point.

We concur in the findings of the County and Circuit Courts upon the disputed questions involved in this controversy, and the judgment of the latter will be affirmed. Judgment affirmed.