(No. 13354.—Decree affirmed.)

ALBINA JOYAL *et al.* Appellants, *vs.* SAMUEL PILOTTE *et al.*
Appellees.

*Opinion filed June 16, 1920.*

1. WILLS—*complainants in will contest case are incompetent to testify in their own behalf.* Heirs-at-law seeking to set aside a will on the ground that the testator lacked mental capacity and was unduly influenced in the execution of the will cannot prove by their own testimony facts occurring in the lifetime of the testator to sustain the issue on their part. (*Pigg* v. *Carroll,* 89 Ill. 205, distinguished; *Mueller* v. *Rebhan,* 94 id. 142, criticised.)

2. SAME—*admissions of devisee concerning testamentary capacity or undue influence are not admissible where separate interests are devised.* Admissions of a devisee concerning the testamentary capacity of a testator or undue influence in procuring the execution of the will are not admissible in a will contest case where separate interests are devised.

3. SAME—*issue in a will contest must be tried by jury.* The contest of a will is not an ordinary chancery proceeding but is strictly statutory, and the will cannot be set aside merely upon the pleadings but the issue must be made up and tried by a jury as the statute provides.

4. SAME—*executor represents all interests in defending a will.* In a will contest case the executor represents all interests created by the will, as it is his duty as trustee to defend it, and his objection is available to all parties, and though all the other parties to the proceeding default he may defend alone and may appeal from an adverse decree.

5. SAME—*a will contest presents a single issue.* A will contest case presents a single issue, which is whether the instrument produced is the will of the testator, and if it is found to be his will it is such as to everybody interested.

6. SAME—*admission of executor, who is a devisee, tending to show exercise of undue influence is incompetent.* In a will contest case an admission by the executor, who is a devisee, is incompetent on the issue of undue influence, although the only other devisee interested in sustaining the will has defaulted.

APPEAL from the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding.

JOSEPH P. HECTOR, EDGAR J. COOK, and W. S. KAY, for appellants.

C. G. HIRSCHI, and PALLISSARD & BENJAMIN, for appellees.

. Mr. JUSTICE DUNN delivered the opinion of the court:

Isaac Pilotte died on August 5, 1918, at the age of eighty-two years, owning real and personal property. He left a widow, Philomene Pilotte. His heirs were his son, Samuel, his three daughters, Albina Joyal, Vitaline Giroux and Odile LeClair, and four grandchildren. On April 5, 1909, he made a will, by which he devised to his widow a life estate in his farm, consisting of 160 acres of land in Iroquois county, and, subject to the life estate, devised 20 acres to his daughter Albina Joyal and 140 acres to Sam-. uel, the latter being subject to the payment of small legacies to his daughter Odile LeClair and to his grandchildren. On October 4, 1917, he executed a codicil to his will, revoking the devise to Albina Joyal and the legacies contained in the will and devised the whole farm to Samuel, subject to a life estate to the widow and to the payment of legacies of $100 to each of his three daughters and $5 to each of his grandchildren. The will was admitted to probate and Samuel Pilotte was appointed and qualified as executor. The three daughters and three of the grandchildren filed a bill to the November term, 1918, of the circuit court of Iroquois county to contest the will and codicil on the ground that the testator was not of sound mind when they were executed and that their execution was induced by the undue influence of Samuel Pilotte. The issue was submitted to a jury, which returned a verdict, under the direction of the court, in favor of the defendants, the bill was dismissed by the court and complainants appealed.

The only reasons urged for reversal are the rulings of the court sustaining objections to evidence offered by the

complainants. They offered to prove by their own testimony facts occurring in the lifetime of the testator to sustain the issue on their part, but the court, upon objection, held that they were not competent to testify to anything occurring before the death of the testator. The rule has been so announced many times. (*Brace* v. *Black,* 125 Ill. 33; *Taylor* v. *Pegram,* 151 id. 106; *Bevelot* v. *Lestrade,* 153 id. 625; *Pyle* v. *Pyle,* 158 id. 289; *Waugh* v. *Moan,* 200 id. 298; *Patton* v. *Gullett,* 267 id. 569.) In several of these cases the rule stated in *Pigg* v. *Carroll,* 89 Ill. 205, that in a suit for the partition of the estate of an ancestor among his heirs the prohibition of parties in interest or of record to testify in their own behalf has no application, was referred to and held not to apply. In *Mueller* v. *Rebhan,* 94 Ill. 142, the rule announced in *Pigg* v. *Carroll, supra,* was wrongly extended to a case of the contest of a will, on the ground that the contest was merely as to the relative rights of heirs or devisees as to the distribution of the estate. A contest of a will is a contest about the distribution of an estate, but it is not merely a contest among those entitled to the estate as to their respective shares. Whether the parties are all heirs of the testator or not, the contest is between the proponents of the will on the one hand to destroy the title of the heirs derived by descent from their ancestor, and the contestants on the other hand to preserve that title. Far from the mere adjustment of rights between heirs-at-law, the object of the suit is to take the property given by the will from the devisees and legatees, whether heirs or not, and give it to the heirs. Though the parties claim from the same source they claim by different titles,—on one side as heirs and on the other as devisees or legatees of a deceased person, and they are incompetent to testify, on their own motion, against one another.

The appellants offered to prove by their own testimony statements of Samuel Pilotte, made after the death of the testator, amounting to admissions of acts of undue influence

by Samuel Pilotte. The only defendants were Samuel Pilotte, Philomene Pilotte, the widow, and an infant grandson of the testator, whose legacy was $5 and whose interest was with the complainants. The widow did not answer and the bill was taken for confessed against her. Samuel Pilotte answered in his capacity of executor as well as individually. The will gave a life estate in 160 acres of land to the widow, in which, aside from the will, she was entitled only to dower and homestead. She was therefore interested in sustaining the will. The rule is well settled that admissions of a devisee concerning the testamentary capacity of a testator or undue influence in procuring the execution of the will are not admissible in evidence where separate interests are devised. *McCune* v. *Reynolds,* 288 Ill. 188.

It is argued, however, in this case, that the only devisee, except Samuel Pilotte, interested in sustaining the will has suffered a default and could not question the sufficiency of the evidence to support the decree, and that Samuel Pilotte was the sole remaining defendant and his own admission was competent against him. The contest of a will is not an ordinary chancery proceeding. It is strictly statutory. The cause is tried upon an issue at law whether the writing produced be the will of the testator or not, and this issue the statute provides shall be tried by a jury in the circuit court. While the question has never been decided in this State, it has been held elsewhere, under a similar statute, that a will cannot be set aside merely upon the pleadings but that the issue must be made up and tried by a jury. (*Wagner* v. *Siegler,* 44 Ohio St. 59; *Walker* v. *Walker,* 14 id. 157.) In a contest of a will it is the duty of the executor to defend the will. (*Pingree* v. *Jones,* 80 Ill. 177; *Hurd* v. *Reed,* 260 id. 154.) He is a trustee and in defending the will he represents all the interests created by it. Though all the other parties to the proceeding default, he may defend alone and may appeal from an ad-

verse decree. (*Hesterberg* v. *Clark,* 166 Ill. 241.) The issue to be tried is whether the instrument produced is the will of the testator, and if it is found to be his will it is such as to everybody interested. The will is a unit and the issue is single. The objection of the executor is available to all parties. When it is sought to show an admission by one party which is not competent, the objection of the executor who represents all the parties interested in the will raises a question of the competency of that evidence and the court is required to decide whether the evidence is competent against those whom the executor represents, and he represents all the parties, whether they are in default or not. If all the devisees and legatees make default but the executor answers and defends, an admission by any one of the devisees or legatees is incompetent. If the devisee or legatee making the admission happens to be named as executor, that fact does not make his admission any more competent than that of any other devisee or legatee. If there are only two devisees or legatees the admission of neither is competent, and the fact that one of them is named as executor does not render his admission competent. If a stranger should be executor of the will and both Philomene Pilotte and Samuel Pilotte had made default, the objection of the executor would have been valid as to any admission made by either. The fact that the executor happens to be the person making the admission does not change the rule of law, and the court properly held that the testimony offered was incompetent.

There was no substantial evidence which the court admitted of lack of testamentary capacity or of undue influence, and therefore the court did not err in directing the verdict for the defendants.

The decree will be affirmed.          *Decree affirmed.*