## FYE ET AL. *v.* HAMILTON ET AL.

[No. 10,851.   Filed December 15, 1920.   Rehearing denied March
9, 1921.]

1. APPEAL.—*Perfecting.*—*Filing Transcript and Assignment of
Error.—Notice.—Dismissal.*—An appeal is perfected by filing
the transcript with proper assignment of error thereon within
the proper time, and the fact that notice is given thereafter is
not ground for dismissal.   p. 100.

2. APPEAL.—*Review.—Admissibility of Evidence.—Scope of Re-
view.*—Where, in an action to establish a lost will, the trial
court found in favor of plaintiffs as to the due execution of the
will involved, the court, on plaintiff's appeal, is not required to
consider questions concerning the admissibility of evidence as
to the circumstances surrounding the execution.   p. 105.

3. WILLS.—*Lost Wills.—Establishment.—Presumption of De-
struction.—Rebutting.*—The presumption that a will last seen
in possession of testatrix, but which could not be found after
her death, was destroyed by her, is one of fact, and not of law,
and as such may be rebutted by evidence, but such presumption,
like a fact proved, remains available to a party in whose favor
it arises until overcome by opposing evidence.   p. 105.

4. WILLS.—*Lost Will.—Establishment.—Presumption of Destruc-
tion.*—The fact that a will was last seen in the possession of
the decedent and that it was not found at or after her death,
is such evidence as gives rise to an inference or presumption of
its destruction by her.   p. 106.

5. WILLS.—*Lost Wills.—Establishment.—Presumption of De-
struction.—Rebutting.—Weight of Evidence.*—In an action to
establish a lost will, where the declarations of decedent were
relied on to overcome the presumption that she had destroyed
the will, it having been last seen in her possession, the weight
of such evidence was a question solely for the trial court, and,
that court, having weighed such declarations in the light of
surrounding circumstances and found them insufficient to over-
come such presumption, its finding will not be disturbed.   p. 106.

6. WITNESSES.—*Action to Establish Lost Will.—Parties.—Com-
petency to Testify to Conversations With Decedent.*—Under
§522 Burns 1914, §499 R. S. 1881, as to the competency of
parties to suits by or against heirs or devisees, necessary parties
to an action to establish a lost will were incompetent to testify
to conversations with decedent.   p. 106.

From Dearborn Circuit Court; *Warren N. Hauck,*
Judge.

Action by Martha J. Fye and others against Jethro M. Hamilton and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Ben A. Bickley, Givan & Givan* and *Walker & Hollett,* for appellants.

*Estal G. Beilby, Ralph E. Himelick* and *M. P. Hubbard,* for appellees.

NICHOLS, J.—This was an action to establish the lost will of Margaret Jane Hamilton, deceased.

The motion to dismiss the appeal is overruled. The appeal was perfected by filing the transcript with a proper assignment of error thereon within 180 days. Notice thereafter as given was not ground for dismissal. *Take* v. *Hamlin* (1895), 149 Ind. 94, 41 N. E. 356, 1035.

1.

It appears by the special findings of fact that on March 21, 1910, Margaret Jane Hamilton, decedent, in company with Martha Fye and Samuel Fye, went to the law office of Judge Ed. H. Jones, at Hamilton, Ohio, and that the decedent then went into the private consultation office with Judge Jones and stated to him the manner in which she desired by will to dispose of her property; that thereupon said Judge Jones dictated to his stenographer, in the presence of the decedent, and directed such stenographer to transcribe her said notes, which purported to be the last will of the decedent; that the stenographer did so transcribe the notes and added thereto an adopted form of attestation showing the manner in which the will was written and executed by the decedent; that thereupon it was read by the decedent and thereafter to her by Judge Jones and, in the presence of witnesses, it was signed by the decedent and, at her request, witnessed by Judge Jones and one Bartlow. The will was then placed in an envelope of customary legal form and size, sealed and put into the

hands of the decedent, who left the office with such will in her possession. Across the face of said envelope was written, "The last will and testament of Margaret Jane Hamilton," or words of similar import. In the spring of 1911, the decedent placed such sealed envelope in the possession of John Craig, stating to him at such time that it contained her will, and requesting him to hold it until called for by her or until her death. Said Craig took possession of the envelope and retained it until November, 1912, when the decedent requested him to return it to her, which he did, at which time she stated to him that he had been made executor in such will. She thereafter held such envelope in her possession unopened until Craig left the premises of T. O. Appleton, where decedent was then living, and had been living up to the time of her death on January 24, 1914. In the early part of September, 1913, decedent stated to Nettie Hillman that she had made a will, and had made disposition of the property by giving the girls the estate because the boys had already received their share, and that Judge Jones had prepared the will. About the middle of September, 1913, decedent suffered an injury which caused her to become bedfast and helpless, and from that time until the time of her death she was unable to assist herself about the room where she was living or to clothe herself and had to be assisted in whatever she did. In the latter part of December, 1913, decedent stated to Mary Castillo that she had made her will and had made a satisfactory disposition of her estate and had given her entire estate to the girls, appellants herein, for the reason that the boys, appellees herein, had already received their portion of the estate. On January 10, 1914, decedent stated to Clara Merrill that she had made provision in her will to give the entire estate to her daughters for the reason that her sons had already received their portion of the estate. On

January 1, 1914, decedent, when in a helpless condition at the home of Etta Appleton, stated to Myrtle Bickley that she was probably never going to see her again as she did not expect to live very much longer, and that she had made her will by which the daughters received the entire estate, and that she had made no provision for her sons because they had received from her and their father their full share of the estate. Prior to these conversations she had stated to other witnesses that she had such will giving the entire estate to the daughters to the exclusion of the sons. Immediately after her death on January 24, 1914, at the home of Etta Appleton and Orville Appleton, in the room which had been occupied by her since she had been living with Mr. and Mrs. Appleton and in which room was contained all of her papers and personal effects, appellee Jethro Hamilton, now the administrator of the estate, together with Orville Appleton, entered the room where decedent had lived and died and searched the bureau drawers for such will, taking out all the papers in the drawers but finding no will. They found certain notes given by Samuel Fye to decedent of $3,000, and certificates of deposit in the Brookville bank in favor of decedent in the sum of $2,500. All of the valuable papers of decedent which they found at such time were contained in such bureau drawer. Thereafter appellee William Hamilton, and the appellant Etta Appleton and her husband, Orville Appleton, made further search for such will, examining all the contents of such bureau, searching through all her clothes, and making a search of all of the furniture, including the wardrobe in such room occupied by decedent during her life and in which she died. During such search appellee William Hamilton stated to said Orville Appleton that he was confident that there was a will and that it should be found. Thereafter he telephoned to Orville Appleton that he

had a dream that said will was behind the mirror between the glass and board constituting the back of the mirror, but after search no will was found in such place or elsewhere and had not and cannot be found up to this date. The stenographer's original stenographic notes were preserved by her and are now in her possession, and she has made in her deposition a correct and true copy of such original notes of such will so taken at such time in the office of Judge Jones, and the same is made a part of the findings. Item 2 of such copy of said will provided as follows:

> "After the payment of my debts I will and direct that the balance of my estate be divided equally among my three daughters, Laura C. Black, Martha J. Fye and Etta Appleton. In case my daughter, Etta Appleton, die before my death without issue, then my estate is to be divided equally among the two daughters first named above or their heirs. I have bequeathed by estate to my three daughters through a sense of justice because the sons, Jethro M. Hamilton, Harvey Hamilton and William L. Hamilton, have already received through their father, more than will come to the daughters by the provisions of this will, whereas the three daughters have received very little heretofore."

Two competent witnesses, Mary Turner and Judge Jones, testified as to the contents of such last will and testament of decedent. One competent witness and a correct copy of said will were testified to by said Judge Jones and Mary Turner, the stenographer, that the decedent executed said will by signing the same in the presence of said witnesses, who in her presence and at her request and in the presence of each other witnessed her signature thereto; that said last will and testament so executed by said decedent was not in existence at the time of her death; that said will and testament of decedent was not fraudulently disposed of either during her lifetime or after her death by persons whose names

are unknown; that said will and testament of said decedent was not destroyed in her lifetime, without her knowledge and consent; that said last will and testament of said decedent was not lost or destroyed, either in her lifetime or after her death, without her knowledge or consent; that said last will and testament of said decedent was destroyed by said decedent in her lifetime for the purpose of revoking it; that said last will and testament of said decedent was never seen, read, nor heard read by any one after the day it was executed; that said decedent died intestate the owner of no real estate whatever, but owned only $5,500 personalty as above specified; that said decedent told her grandson, Guy H. Hamilton, on October 7th, 8th, or 9th, 1913, that she had read in a newspaper that a will of a friend of hers had been taken in the Cincinnati courts, where it was decided that the man was of unsound mind when disposing of his property, and she assured him nothing like that would happen to her, as she would leave no will; that she died intestate a resident of Franklin county, Indiana, on January 24, 1914, at the home of her daughter, Etta Appleton, with whom she had made her home some months prior to her death; that she left surviving her as her only legal heirs at law the appellees and appellants.

Upon these findings of fact, the court stated conclusions of law in favor of appellees, and that appellants were not entitled to relief. From the judgment on the conclusions, this appeal. The errors presented for our consideration are that the court erred in each of its conclusions of law, and that the court erred in overruling appellant's motion for a new trial.

The court found in favor of appellants as to the due execution of the will involved, and we therefore need to give no consideration to questions concerning the ad-

missibility of evidence as to the circumstances surrounding such execution.

Appellants earnestly and forcefully contend that, the court having found that after the execution of the will the decedent stated on divers occasions and up to within a few days of her death, when she was so disabled that she was unable to leave her bed, she had a will and that its disposition was according to the provisions of the admitted copy, such declarations were sufficient to overcome the presumption of its revocation and to render erroneous the court's conclusions of law and to make inconsistent such of his findings of fact as were based not upon evidence but upon this legal presumption. Such presumption, however, is a presumption of fact and not of law and, as such, may be rebutted by evidence. This principle is decided in the case of *McDonald* v. *McDonald* (1895), 142 Ind. 55, 82, 41 N. E. 336, and is there supported by a long list of authorities, to which many more might be added. The evidence there involved was declarations of the decedent, and it was held that they were properly given to the jury. See, also, 1 Elliott, Evidence §81. Such a presumption, like a fact proved, remains available to a party in whose favor it arises until overcome by opposing evidence. *Bates* v. *Pricket* (1854), 5 Ind. 22, 61 Am. Dec. 73. In *White Oak Coal Co.* v. *Bivoux* (1913), 88 Ohio 18, 102 N. E. 302, 46 L. R. A. (N. S.) 1091, Ann. Cas. 1914C 1082, more was not required than to introduce evidence sufficient to countervail the presumption. In *Klunk* v. *Hocking Valley R. Co.* (1906), 74 Ohio 125, 77 N. E. 752, it was held that, in order to avoid the effect of a *prima facie* case made by presumption, evidence of equal or greater weight to balance and control the presumption must be produced. In *Behrens* v. *Behrens* (1890), 47 Ohio 323, 25 N. E. 209,

21 Am. St. 820, it was held that declarations were admissible either to strengthen or destroy the presumption. It will be observed that in these cases, cited by appellant, the question of the sufficiency of the evidence to overcome the presumption was always involved. Many authorities to like effect are collated in the case note to *Re Francis* (1913), 50 L. R. A. (N. S.) 866, *et seq.*

The admitted fact that the will last seen was in the possession of the decedent, and that it was not found at or after her death, is such evidence as gives an inference or presumption of its destruction by the decedent, which presumption must be overcome by sufficient evidence. But the weight of the evidence for this purpose is to be determined by the trial court, for this court does not weigh the evidence and will not disturb the finding of the trial court or the verdict of the jury, if there is some evidence to support it. The trial court heard the declarations and weighed them in the light of the surrounding circumstances, and found them insufficient to overcome the presumption, and we will not disturb his finding.

Appellants complain that the court erred in refusing to permit them to testify to conversations with the deceased. They were each necessary parties and, as such, were clearly incompetent under §522 Burns 1914, §499 R. S. 1881, to testify to any facts occurring in the lifetime of the decedent. *McDonald* v. *McDonald, supra; Hiatt* v. *McColley* (1908), 171 Ind. 91, 85 N. E. 772.

We find no available error. Judgment is affirmed.