MITCHELL, EXECUTOR, ET AL. v. WALTON ET AL.

[No. 23,607.  Filed January 24, 1922.  Rehearing denied June 2, 1922.]

1.  WILLS.—*Contest.—Testamentary Capacity.—Evidence.—Sufficiency.—Answers to Interrogatories.*—In an action to contest a will, where the jury found in answer to an interrogatory that testator was of sound mind, and in answer to another interrogatory that he was unduly influenced in executing the will, and the evidence is in conflict as to the alleged unsoundness of mind of the testator, and that part of it which tends to show that he was of sound mind is sufficient to prove that fact, if it stood alone, the court on appeal will treat testator's soundness of mind as established in determining whether the general verdict is supported by the evidence.  p. 195.

2.  APPEAL.—*Review.—Evidence.—Sufficiency.*—In an action to contest a will, evidence *held* not sufficient to sustain a verdict finding that the will was procured by undue influence.  pp. 195, 196.

3.  WITNESSES.—*Competency.—Son Contesting Father's Will.*—A son contesting his father's will is not a competent witness on the subject of undue influence, and his evidence, admitted over objection to his competency, to establish unsoundness of mind of the testator, cannot be invoked to sustain a verdict finding that the will was procured by undue influence.  p. 196.

4.  APPEAL.—*Review.—Refusal of Instructions.—Burden of Appellant.*—Where appellant complains of the trial court's refusal of an instruction requested by him, he should point out the difference between the instruction refused and others given on the same subject to present the question whether such refusal was reversible error.  p. 197.

5.  WILLS.—*Contest.—Reversal of Judgment for Insufficiency of Evidence.—Directing Verdict for Appellants.*—In an action to contest a will, where the will was declared invalid, a judgment, on reversal for insufficiency of the evidence on two of the three issues submitted, will not be directed in favor of appellants, though the jury found in favor of appellants as to the remaining issue in answer to a special interrogatory.  p. 197.

6.  WILLS.—*Contest.—Verdict.—Evidence.—Sufficiency.—Limiting Consideration of Evidence.*—In an action by a son to contest his father's will on the grounds of undue influence and unsoundness of mind, in which objection was made to the competency of plaintiff as a witness to prove undue influence, but he was permitted to testify on the issue of unsoundness of mind, being a competent witness on that issue only, it was

proper for the court on appeal, in determining the sufficiency of the evidence to sustain a verdict for plaintiff based on the issue of undue influence, to exclude from consideration plaintiff's testimony, although admitted without objection, since it was not competent on that issue; and it was not material that such testimony was admitted without objection, since, being competent under the issue of mental incapacity, any objection to its introduction would necessarily have been overruled. p. 198.

From Marion Probate Court (1,114); *Mahlon E. Bash,* Judge.

Action by Jabez Elonzo Walton and others against James L. Mitchell, executor of the will of Thomas C. Walton, deceased, and others. From a judgment for plaintiffs, the defendants appeal. *Reversed.*

*Henry N. Spaan, James L. Mitchell, Emsley W. Johnson* and *Joseph W. Hutchinson,* for appellants.

*Edwin E. Thompson, Fred Braun, Harold K. Bachelder* and *William C. Bachelder,* for appellees.

EWBANK, C. J.—The complaint alleged that the will of Thomas C. Walton, deceased, was unduly executed, that it was procured by undue influence, and that at the time it was executed the testator was of unsound mind. No evidence of its undue execution was introduced, and the evidence showed, without conflict, that the will was signed by the testator in the presence of witnesses who signed in his presence, and that all the required legal formalities were observed in executing it. Several witnesses testified to facts and opinions tending to prove that the testator was of unsound mind, and others testified to facts and opinions tending to establish that his mind was sound.

The jury answered an interrogatory by finding that he was not a person of unsound mind at the time he executed the will in controversy. They also answered "yes" to an interrogatory asking whether the testator, at the time he executed the will, was "unduly influenced to execute the same," and returned a general verdict finding

that the alleged will was invalid, and that the probate thereof should be set aside.

Each of five of the appellants moved for a new trial for certain alleged reasons, reserved an exception when the motion was overruled, and has assigned that ruling as error. Among the causes for a new trial specified in each motion was the alleged fact that the verdict is not sustained by sufficient evidence.

1. The evidence being in conflict as to the alleged unsoundness of mind of the testator, and that part of it which tends to show that he was of sound mind being sufficient to prove the fact, if it stood alone, this court will treat his soundness of mind as established in determining whether or not the general verdict is supported by the evidence. *Barr* v. *Sumner* (1915), 183 Ind. 402, 411, 413, 423, 107 N. E. 675, 109 N. E. 193; *Sourbier* v. *Brown* (1919), 188 Ind. 554, 566, 123 N. E. 802; *Standard Oil Co.* v. *Allen, Admr.* (1920), 189 Ind. 398, 126 N. E. 674, 676; *Cleveland, etc., R. Co.* v. *Baker* (1920), 190 Ind. 633, 128 N. E. 836, 838; *Evansville, etc., Traction Co.* v. *Spiegel* (1911), 49 Ind. App. 412, 422, 94 N. E. 718, 97 N. E. 749.

2. And no evidence of undue execution of the will having been offered, the question as to the sufficiency of the evidence is narrowed to the inquiry whether or not there was any evidence from which the jury might legitimately infer undue influence. Appellants insist there was none. Except that a small devise was made to a granddaughter, and that nothing was given to the oldest son, Jabez, who is one of the appellees, the will devised all of the testator's property to his children, giving the larger share to the appellee, Mrs. Ida Bass, part directly and part in reversion. There was evidence tending to prove that Mrs. Bass had shown her father certain letters from Jabez, and that her father had drawn an inference from the letters unfa-

vorable to Jabez, and that in conversation with her he had accused Jabez of wronging him by acts done when a young man. Jabez, a plaintiff in the court below and an appellee here, offered himself as a witness, and over the objection of appellants to his competency was permitted to give evidence as to certain things that the testator said and did, and to state that in his opinion the testator was of unsound mind. Counsel for the appellees point out that some of his testimony tended to show that the inference drawn by his father from the letters was incorrect, and that Mrs. Bass knew Jabez was not really guilty of the acts of which the father accused him. And they suggest that from these facts the jury might infer that Mrs. Bass encouraged her father in an unfounded belief which influenced him to bequeath Jabez nothing, and cite authorities to the effect that if she induced the testator to believe things to the discredit of her brother which were false, and that belief influenced him to leave the brother nothing, it amounted to undue influence.

But Jabez was not a competent witness on the subject of undue influence. And, his evidence being admitted, over an objection to his competency, to establish the alleged unsoundness of mind of the testator, such evidence cannot be invoked to sustain a verdict finding that the will was procured by undue influence. *McDonald* v. *McDonald* (1895), 142 Ind. 55, 87, 41 N. E. 336; *Wiley* v. *Gordon* (1914), 181 Ind. 252, 259, 104 N. E. 500; *Long, Exr.,* v. *Neal* (1921), 191 Ind. 118, 132 N. E. 252.

Except in the way of inferences based, in part, upon the testimony of the appellee Jabez, counsel have not pointed out to us any evidence whatever tending to prove undue influence, and we have been unable to find any in the record. Without passing on the question whether or not the other evidence re-

ferred to was competent to be considered on that issue, nor whether the suggested inference, if drawn, would sustain the verdict, we hold that the testimony of Jabez could not have any weight whatever as tending to prove undue influence or to support an inference that the execution of the will was procured by such means. And excluding it from consideration the verdict as to that issue is not sustained by any evidence.

Appellants complain of the refusal of the trial court to give the jury their requested instruction No. 10, to the effect that testators are not required by law

4. to mete out equal and exact justice to all expectant relatives in the disposition of estates by will, and that the motives of partiality, affection or resentment by which they may be influenced are not subjects for examination and review by the courts. Counsel for the appellees admit that the instruction requested would have been a proper one, if given, but say that it was given in substance in two of the instructions which the court read to the jury. Neither appellants' original brief nor their reply brief attempts to point out wherein the requested instruction differs from those that were given, and it appears that the court did give two long instructions as to the right of a person of sound mind to make an unjust and inequitable disposition of his property, no matter what were his motives, and telling the jury that certain acts might be done and influence exerted without making the will invalid. The difference between the instruction refused and those given is not sufficiently pointed out by appellants to call for a decision of the question whether or not such refusal was reversible error.

Appellants ask the court, upon reversing the judgment, to direct a judgment in their favor. But

5. the error for which it must be reversed was overruling the motion for a new trial because of the

insufficiency of the evidence on two of the three issues submitted. The trial court was not asked to direct a verdict in favor of the appellant, and clearly it would have committed an error if it had done so. And this court ought not to do what the court below would have had no right to do.

The judgment is reversed, with directions to grant a new trial.

### ON PETITION FOR REHEARING.

EWBANK, J.—Appellees complain that testimony of the plaintiff, admitted without objection or exception, was excluded from consideration when determining the insufficiency of the evidence to sustain a verdict that the will was procured by undue influence. But the evidence referred to tended to prove the testator's alleged unsoundness of mind, for which purpose it was admissible. Objections to its admission must necessarily have been overruled, if they had been made, because it was competent under the issue of unsoundness of mind, and therefore could not be kept from the jury.

6.

Appellees made the issues on which the case was tried by alleging that the testator was of unsound mind, as well as that the execution of the will was procured by undue influence. This gave them the right to introduce any evidence tending to prove his alleged unsoundness of mind which was competent for that purpose, regardless of objections interposed by appellants. But it did not make the testimony of parties adverse to the estate, thus put before the jury, competent to establish undue influence, and by that means to sustain a verdict setting aside the will, where the jury found specially that the testator was of sound mind.

The transcript discloses that over and over, when plaintiff Walton, in his examination as a witness,

Baltimore, etc., R. Co. v. Burtch—192 Ind. 199.

was asked questions which did not relate to his father's mental condition, objections by counsel for appellants were sustained and the evidence excluded, and that all the evidence which he was permitted to give was competent under the issue of unsoundness of mind. The fact that his testimony tending to prove unsoundness of mind, which was competent for that purpose and could not have been excluded, was admitted without objection, is not material. Having objected to all his offered testimony which was subject to exclusion as being intended to establish undue influence, appellants have the right to insist that his testimony introduced to prove unsoundness of mind, but not competent for any other purpose, shall be excluded from consideration when deciding the sufficiency of the evidence under the other issue.

The petition for rehearing is overruled.