KENNEDY ET AL. *v.* KENNEDY ET AL.

[No. 23,892.   Filed October 4, 1922.]

1. WITNESSES.— *Competency.— Parties to Will Contest.— Statutes.*—In an action to contest a will on the ground of undue influence, heirs and devisees, who were parties to the suit, and the husband of a party, were incompetent, under §§522, 525 Burns 1914, §§499, 501 R. S. 1881, to testify upon the issue of undue influence as to matters which occurred prior to the death of testatrix.  p. 355.

2. EVIDENCE.—*Will Contest.—Admissions of One Joint Defendant.—Admissibility.*—In an action to contest a will on the ground of undue influence, statements and declarations made by one of several defendant devisees, each of whom claimed under the will separately, and which statements were not a part of the *res gestae,* nor made in controlling the acts of the testatrix, nor assented to by the remaining codefendants, but which were made in the absence of such codefendants and testatrix, were inadmissible to prove the invalidity of the will. p. 355.

From Newton Circuit Court; *Charles W. Hanley,* Judge.

Action by Samuel M. Kennedy and others against Frieda Kennedy and others. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*William Darroch, Hume L. Sammons* and *Emory B. Sellers,* for appellants.

EWBANK, J.—Appellees filed a complaint to contest the will of Sarah A. Kennedy, on the alleged grounds that the testatrix was of unsound mind, that the pretended will was unduly executed, and that its execution was procured by undue influence and by fraud.   Each of the appellants answered by a denial.   The jury returned a verdict which recited that they found for the plaintiffs and that the execution of said instrument probated as the will of Sarah A. Kennedy was procured by the undue influence of Frieda Kennedy and Nellie Kennedy

Chizum, two of the defendants (appellants), and was not her will. A motion for a new trial was overruled, and appellants excepted. And from a judgment declaring the will invalid and setting aside the probate thereof appellants perfected a term appeal. Overruling the motion for a new trial is the only error assigned.

The uncontradicted evidence showed that Nellie Kennedy Chizum and two of her codefendants and all but one of the plaintiffs, (the other being a grandchild and heir), were children and heirs of the testatrix, and that all of the plaintiffs and defendants were beneficiaries under the will. It also showed that John Hunter was and for more than twenty years had been the husband of Mrs. Grace Hunter, one of the plaintiffs.

Appellees took the written examination of Nellie Kennedy Chizum before the trial. The questions and answers in this examination, so far as they had any bearing on the matters in issue, related to facts which occurred in the lifetime of the testatrix, having some tendency to show that Mrs. Chizum lived with her mother, the testatrix, and either influenced some of her mother's acts at and before the time the will was made, or had an opportunity to do so, at the least. This examination, twenty-three typewritten pages in length, was read in evidence, over an objection and exception by appellants. And John Hunter, the husband of the appellee Grace Hunter, was permitted to testify, over an objection and exception by appellants, that at a time and place named, about two years before the will was executed, Mrs. Chizum, one of the defendants (appellants), had said that she would get ahead of the boys, that she would have her mother make a will so that they would get none of the property; Mrs. Chizum having stated in her examination before the trial that she did not remember making such a statement to him at the time and place referred to.

Mrs. Chizum and Mrs. Hunter, being heirs, devisees and parties to the suit, were not competent to testify as witnesses upon the issue of undue influence as

1.  to any matters which occurred prior to the death of the testatrix. §522 Burns 1914, §499 R. S. 1881; *McDonald* v. *McDonald* (1895), 142 Ind. 55, 87, 41 N. E. 336; *Wiley* v. *Gordon* (1914), 181 Ind. 252, 259, 104 N. E. 500; *Long* v. *Neal* (1921), 191 Ind. 118, 132 N. E. 252; *Mitchell* v. *Walton* (1922), *ante*, 193, 133 N. E. 496; *Hiatt* v. *McColley* (1908), 171 Ind. 91, 94, 85 N. E. 772. And John Hunter, being the husband of such a party, was also incompetent. §525 Burns 1914, §501 R. S. 1881; *Terry* v. *Davenport* (1916), 185 Ind. 561, 577, 112 N. E. 998; *Belledin* v. *Gooley* (1901), 157 Ind. 49, 51, 60 N. E. 706.

And even if he were competent as a witness, evidence of statements and declarations made by one of several devisees defending an action to set aside the will

2.  under which each claimed separately, that were not part of the *res gestae,* nor made in controlling the acts of the testatrix, nor assented to by her codefendants, but which were made in the absence of such codefendants and of the testatrix, was not admissible to prove the will invalid. *Hayes* v. *Burkam* (1879), 67 Ind. 359, 363; *Ryman* v. *Crawford* (1882), 86 Ind. 262, 267; *Shorb* v. *Brubaker* (1884), 94 Ind. 165, 168; *Roller* v. *Kling* (1898), 150 Ind. 159, 166, 49 N. E. 948; *Sanger* v. *Bacon* (1913), 180 Ind. 322, 327, 329, 101 N. E. 1001; *Indianapolis, etc., Traction Co.* v. *Wiles* (1910), 174 Ind. 236, 239, 240, 91 N. E. 161, 729; *Joyal* v. *Pilotte* (1920), 293 Ill. 377, 380, 127 N. E. 741; *Old Colony Trust Co.* v. *Di Cola* (1919), 233 Mass. 119, 123, 123 N. E. 454, 463; *Estate of Lavinburg* (1911), 161 Cal. 536, 546, 119 Pac. 915; *McAllister* v. *Rowland* (1913), 124 Minn. 27, 144 N. W. 412, Ann. Cas. 1915B 1006; *Benrud* v. *Anderson* (1919), 144 Minn. 111, 174 N. W. 617, 619; *James*

v. *Fairall* (1912), 154 Iowa 253, 134 N. W. 608, 38 L. R. A. (N. S.) 731; *McDonald* v. *McLendon* (1917), 173 N. C. 172, 91 S. E. 1017, Ann. Cas. 1918A 1063; 1 Underhill, Wills §163; 2 Wigmore, Evidence §1081, p. 1288; 16 Cyc 979, 980.

No question is involved in this case of proving what was said by a single defendant or sole beneficiary, or what a party said in the presence of coparties who assented thereto, or what she said in the presence of the testatrix, under such circumstances as to constitute verbal acts by which an influence over the testatrix was manifested, or of statements and declarations constituting part of the *res gestae,* or of statements and declarations by one of several parties who had such a joint interest or such a relation to each other as would make one competent to speak and act for all. In the case at bar Mrs. Chizum was one of several beneficiaries under the will, two of whom were her codefendants, with whom she was not shown to have any joint interest, and evidence was introduced of statements made by her in the absence of the testatrix and of her codefendants, some years before the will was executed, and of others made after the death of the testatrix.

Cases which hold the admissions and declarations of a party admissible on any of the above grounds, therefore, are clearly distinguishable from the one at bar. In *Ramseyer, Exr.,* v. *Dennis* (1918), 187 Ind. 420, 438, 119 N. E. 716, the court said: "It is also insisted that the court erred in admitting testimony tending to prove admissions of Gilly A. Tate after the death of the testator * * * Gilly A. Tate was the sole beneficiary under this will, and her admissions as to the mental capacity of the testator are receivable, since they affect her interest only. *Wallis* v. *Luhring* (1893), 134 Ind. 447, 451, 34 N. E. 23, Ann. Cas. 1918A 1067 : 40 Cyc 1289; 1 Schouler, Wills §195." In *Davis, Exr.,* v.

*Babb* (1919), 190 Ind. 173, 125 N. E. 403, the court said: "It appears from the nature of the alleged 'prejudicial and harmful statements and declarations,' attributed to William H. Davis and admitted in evidence that they consisted of statements and assertions during the life of testatrix amounting to verbal acts and conduct having a tendency to show that William H. Davis did exert a controlling authority over the testatrix, and that there was a purpose on his part to keep the testatrix under his control." And in support of its holding that evidence of statements and assertions of that character was admissible, the court cited several cases. One of them was *Estate of Snowball*, 157 Cal. 301, 313, 107 Pac. 598, in which the court said: "It is claimed that declarations and admissions of Leutie in the absence of others beneficially interested in the will were allowed to be shown * * * Several of the exceptions noted * * * relate to evidence of declarations and conduct of Leutie in the presence of her mother designed to influence her against H. H. Snowball, in other words, evidence of the actual attempt of Leutie to influence her mother against him. Necessarily such evidence was admissible." In *James* v. *Fairall, supra*, the court said: "Of course, if the declarations are so connected with the making of the will in point of time and circumstance as to give color thereto, they are admissible as part of the *res gestae*. Again, if the declarant be the sole beneficiary under will, his admissions are binding, as against interest; and it is also a general rule in those jurisdictions which permit the probate of separate parts of a will that declarations of one of the beneficiaries, tending to show undue influence are admissible. Again, some courts hold that statements of one devisee are admissible in evidence to affect the interest of his codevisees where such interest is joint. (Citing authorities.) But in those jurisdictions where the will is treated as a unit,

the declarations of a devisee are not admissible in cases where undue influence is charged; there being several whose interests are separate. (Citing authorities.) The overwhelming weight of authority in the country is to the effect that, where there are several devisees or legatees whose interests are not joint, but several, the declarations and admissions of one of these are not admissible, because they would operate to the prejudice of the other devisees." · (Citing authorities.)

Under the established rule of law, as above stated, the declarations and admissions of Mrs. Chizum, not constituting part of the *res gestae* and not made in the presence of her codefendants nor by their authority, nor by way of exercising authority and control over the testatrix, were not competent as against her codefendants to prove undue influence. And as they were not competent for any other purpose, it was error to admit evidence of them.

The judgment is reversed, with directions to sustain the motion for a new trial.