JAMES E. BECHERT, AS EXECUTOR OF THE PRETENDED LAST WILL AND TESTAMENT OF GAWANDA J. BECHERT, DECEASED; JAMES E. BECHERT, LORETTA A. BECHERT, AS EXECUTRIX OF THE PRETENDED LAST WILL AND TESTAMENT OF GAWANDA J. BECHERT, DECEASED; DONALD B. PORTER, AS ADMINISTRATOR OF THE ESTATE OF GAWANDA J. BECHERT, DECEASED *v.* GWENDOLYN J. LEHE.

[No. 3-373A32. Filed September 12, 1974.]

*Richard P. Watson, John C. Carvey, Carvey, Watson & McNevin,* of Indianapolis, for appellants.

*Thomas B. Dumas, William J. Moriarty, Jr., Dumas & Moriarty,* of Rensselaer, *Paul Reed,* of Knox, for appellee.

GARRARD, J.—Gawanda Bechert died leaving a brother and a sister as her heirs-at-law. Intestate administration was commenced, and the sister filed objections to the probate of any purported will. Several months later the brother offered an unexecuted carbon of a "lost will" for probate. The case was ultimately tried by the court. Probate was denied, and the brother appeals.

The signed original of the will in question was never found. The principal contention is that the judgment finding the will to have been revoked is not supported by sufficient evidence and is contrary to law. We must first, however, consider errors asserted in the exclusion and admission of certain evidence.

The brother alleges his testimony was improperly restricted through the court's application of the dead man's statute, IC 1971, 34-1-14-6 *et seq.* (Burns Code Ed.). However, an examination of the record reveals that no offer to prove was made regarding any of his testimony. Accordingly, this allegation fails to present error

for review. Indiana Rules of Procedure, Trial Rule 43(C); *State v. Lonergan* (1969), 252 Ind. 376, 248 N.E.2d 352.

It is next asserted the court committed similar error in excluding testimony sought to be elicited from the brother's wife. No offer to prove was made specifically addressed to any of the particular objections sustained by the court. However, the court indicated clearly that it would not permit her testimony regarding certain matters prior to the decedent's death. Thereafter, although not in response to a particular question or ruling by the court, counsel made a lengthy offer of proof regarding her testimony.

Rule TR. 43(C) provides in part:

> "An offer to prove may be made without questions if the court indicates that any or further testimony of the witness with respect to the offered proof will not be allowed or if neither the judge nor the opposing party so request."

Neither the court nor opposing counsel requested the offer be made only in response to questions asked. The commission comments express this language in TR. 43(C) as an innovation, departing from prior cases which held the offer to prove had to be addressed to a proper question asked, or it presented nothing.

The general tenor of the evidence sought was that during the decedent's lifetime she was on friendly terms with her brother; the brother did the actual farming of decedent's land along with his own; on occasion shortly before decedent's death the sister went to decedent's house to visit her; and on one occasion after decedent was required by her illness to leave her home, the sister went to the house to get some of decedent's personal effects.

IC 1971, 34-1-14-7 (Burns Code Ed.) prohibits a party from being a competent witness as to any matter which occurred during the lifetime of the ancestor in all suits by or against heirs or devisees founded on a contract with or demand against the ancestor. IC

1971, 34-1-14-9 places the same disability upon the spouse of a party.

It is well established that these statutes apply to will contests. *Emry* v. *Beaver* (1922), 192 Ind. 471, 137 N.E. 55; *Long* v. *Neal* (1921), 191 Ind. 118, 132 N.E. 252; *Wiseman* v. *Wiseman* (1880), 73 Ind. 112.

While an exception exists regarding testimony of a testator's soundness of mind, the exception has been limited to that issue. *Lamb* v. *Lamb* (1885), 105 Ind. 456, 5 N.E. 171; *Burkhart* v. *Gladish* (1889), 123 Ind. 337, 24 N.E. 118 (exception stated) ; *Mitchell* v. *Walton* (1922), 192 Ind. 193, 133 N.E. 496; *Kennedy* v. *Kennedy* (1922), 192 Ind. 353, 136 N.E. 557 (exception limited).

As the case before us involved no issue of decedent's soundness of mind, the evidence was properly excluded.

The brother next asserts error regarding the testimony of two witnesses and admission of an exhibit relating to entries into decedent's lockbox during the year 1965, the year in which the will was executed and in which decedent died.

Aside from the introduction of the exhibit, our examination of the record reveals no objections made at trial to the testimony of these witnesses (the president and another employee of the bank where the lockbox was maintained) and appellant guides us to none. No error regarding their testimony has been presented.

The exhibit in question is a piece of paper, identified by the president of the bank as having been prepared by him and reflecting the dates of entry into decedent's lockbox in 1965 as shown on the business record kept by the bank of such entries. The objection was that the document was hearsay, self-serving, and not relevant to the issues. The foundation testimony elicited prior to offering the exhibit into evidence established that the bank in the regular course of business maintained a record for each lockbox renter indicating each time the lockbox was entered and by whom the boxholder

was admitted. These entries were then signed by the admittee. Such a record was kept on the decedent's lockbox, but it had unaccountably disappeared at the time of trial. The bank officials had made an "extra extensive" search for the original record but had been unable to locate it. The exhibit was a handwritten notation made by the bank president directly from the original record showing the dates of entry to the lockbox in 1965. The notations indicated the lockbox was entered the day before the will in question was executed, it was entered again two days after the execution date, and again one week after that.

The objections that the document was hearsay and self-serving were ill taken as to the original business record. The foundation testimony adequately established that the original lockbox record had become lost apparently without any fault on the part of the sister, that a diligent search for it had been unsuccessful and that the record offered was an accurate reflection of a portion of the original. Accordingly, subject to its relevancy, the exhibit was properly admitted. *American United Life Ins. Co. v. Peffley* (1973), 158 Ind. App. 29, 301 N.E.2d 651, and authorities cited therein.

Here the undisputed evidence was that decedent had executed a will prior to the one in question. Upon execution, the will in question was retained by the decedent. The exhibit indicated entries to decedent's lockbox immediately before and after her execution of the will of October 6, and then another entry a week later. The primary issue before the court was whether the will of October 6 had been revoked or merely lost. Previous testimony indicated that the decedent and her sister had been estranged but that they had effected a reconciliation shortly before decedent's death. The missing will gave substantially all of decedent's property to the brother. At the time the exhibit was offered, the dates of entry into the lockbox were arguably relevant as tending to throw some light on the issues. Under such circumstances, it cannot be said the court committed harmful error in permitting the evidence.

If the evidence in light of later testimony proved to be without probative force, then the remedy was to move that it be stricken out. *Equitable Life, etc. Society* v. *Campbell* (1925), 85 Ind. App. 450, 150 N.E. 31. This was not done. Also, it is presumed in a trial to the court that immaterial evidence, although admitted, will be disregarded. *Masters, Executor* v. *Stewart* (1935), 101 Ind. App. 243, 198 N.E. 800.

The brother also contends the court erred in permitting testimony from the sister's daughter. However, the objection made at trial was not asserted in the motion to correct errors or in appellant's brief, and has, therefore, been waived. *Daben Realty Co., Inc.* v. *Stewart* (1972), 155 Ind. App. 39, 290 N.E.2d 809. In the motion to correct errors and on appeal it is urged for the first time that this testimony violated the dead man's statute. The failure to assert that objection at the trial, likewise, waives any potential error. *Bd. of Commr's* v. *Kokomo City Plan Comm.* (1974), Ind. App., 310 N.E.2d 877.

Finally, it is contended that the judgment is not supported by sufficient evidence and is contrary to law. The burden was upon the brother, as proponent of the will, to establish its contents and due execution pursuant to IC 1971, 29-1-7-13 (Burns Code Ed.). This was done. IC 1971, 29-1-7-20 then provides:

> "In any suit to resist the probate, or to test the validity of any will after probate, as provided in section 717 [29-1-7-17] of this [Probate] Code, the burden of proof shall be upon the contestor."

Thus, the burden was upon the sister to establish revocation.

Appellant concedes that the will was shown to have been in the possession and control of decedent and that, accordingly, an inference of revocation arose from the fact it could not be found. *McDonald* v. *McDonald* (1895), 142 Ind. 55, 41 N.E. 336; *In re Patton's Will* (1950), 121 Ind. App. 256, 95 N.E.2d 311.

It is contended, however, that this inference was overcome by evidence that the sister had motive to conceal or destroy the will, that she had access to decedent's home in the absence of the decedent for some 16 days prior to decedent's death and thereafter, and that she was known to have gone to the home on more than one occasion. It is urged that in accord with the holdings in *Heath* v. *Strunk* (1972), 152 Ind. App. 80, 281 N.E.2d 897, and *Cope* v. *Lynch* (1961), 132 Ind. App. 673, 176 N.E.2d 897, the court was required to find the will had not been revoked.

We believe this argument misconceives the ruling in those cases although in each a missing or mutilated will was admitted to probate. Initially, we note a factual disparity in the evidence. In *Cope* it was shown the decedent was bedfast and the will was out of his reach. It further appeared that the opponent to probate not only had access and motive, but there was evidence that papers had been destroyed in his room during a visit to decedent's home, and shortly thereafter he had possession of a paper which carried the names and shares of the various devisees under the will. Similarly, in *Heath* the objector, in the absence of decedent, entered the latter's home about every day during the last six days of decedent's life. Some of the visits were in the night and on such occasions she drew the window shades while there. On one occasion she was observed by a neighbor going through things in the decedent's bedroom. Thus, the court in *Heath* characterized the evidence in both cases as "strong evidence that there has been an attempt to mutilate or destroy the will" by a person having both motive and access. In the case before us, no such additional evidence appears.

More importantly, however, each of these cases sustained a trial court determination that the will in question had not been revoked. The standard of appellate review applied was whether there was probative evidence supporting that determination. In each case, as here, the court on appeal was precluded from reweighing the evidence.

In the instant case it, similarly, cannot be said that the evidence inescapably led to a conclusion that decedent did *not* intentionally revoke her will. There was substantial evidence supporting the inference of intentional destruction.

This same result was reached in *Fye* v. *Hamilton* (1920), 75 Ind. App. 99, 129 N.E. 237, although the court's language in using both the terms "inference" and "presumption" is somewhat confusing.

Appellant seeks to avoid application of the standard of appellate review by asserting that comments made by the judge after final argument, which were explanatory of his decision, demonstrate that he made an erroneous decision.

However, the transcript of the trial contains no such comments, nor have they been presented by sworn affidavit and included with the record as provided by Rule AP. 7.2(A)(3). While this failure precludes their consideration by this court, we also note the gist of the asserted comments was that the court would base its decision on the intent of the decedent and a determination of what was most likely to have happened. While such remarks are ofttimes best left unsaid, they nevertheless fall far short of any indication the court intended to disregard either the evidence adduced at trial or the law, including who had the burden of proof. See, e.g. *Dean* v. *State* (1970), 254 Ind. 190, 258 N.E.2d 636.

In sum, it appears the case was fairly and vigorously tried and a permissible result reached. The judgment is affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 316 N.E.2d 394.